**Mattie L. DAVIS, Plaintiff/Respondent,**

v.

**Melinda L. LONG,
Defendant/Appellant.**

**No. ED 98247.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Feb. 13, 2013.

Melinda L. Long, St. Louis, MO, pro se.

Richard Coughlin, Clayton, MO, for Respondent.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Appellant Melinda L. Long ("Long") appeals from the summary judgment of the trial court entered in favor of the moving party, Mattie L. Davis ("Davis") in Davis's quiet title-declaratory judgment action. We dismiss the appeal because Long's brief fails to comply with Supreme Court Rule 84.04.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

Long has twice amended her initial brief in an effort to comply with Rule 84.04. Davis subsequently filed a motion to dismiss for Long's failure to comply and on August 9, 2012, this Court granted Long until September 7, 2012, to file an amended brief which complied with Rule 84.04. Thereafter Long filed a second amended brief and Davis renewed her motion to dismiss. This Court ordered Davis's motion be taken with the case.

## DISCUSSION

A brief that substantially fails to comply with Rule 84.04 will not invoke appellate jurisdiction and must be dismissed. *In re Estate of A.T.*, 380 S.W.3d 653, 654 (Mo. App. E.D.2012). Compliance with Rule 84.04 by all parties on appeal is necessary to avoid placing the court in the untenable position of inadvertently advocating for a party by attempting to decipher or speculate on a party's point appealed. *Clemens v. Eberenz Const. Co.*, 258 S.W.3d 458 (Mo. App. E.D.2008); *Estate of Downs v. Bugg*, 348 S.W.3d 848, 852 (Mo.App. W.D.2011). For this reason, *pro se* litigants are held to the same standard on appeal as attorneys and must comply with rule 84.04. *McGill v. Boeing Co.*, 235 S.W.3d 575, 577 (Mo. App. E.D.2007).

Judicial impartiality, judicial economy and fairness to all parties necessitates we do not grant *pro se* appellants preferential treatment with regard to their compliance with procedural rules to avoid serving as an advocate for any party. *Id.; Shochet v. Allen*, 987 S.W.2d 516, 518 (Mo.App. E.D. 1999).

Here Long fails to comply with Rule 84.04 in several respects. Rule 84.04(b) requires a brief cite to the correct statutory or constitutional provision providing jurisdiction. Long's brief incorrectly cites to Section 288.210 RSMo (1995), referencing this Court's jurisdiction over decisions of the Missouri Industrial Relations Commission, in violation of Rule 84.04(b).

Rule 84.04(c) requires "a fair and concise statement of facts relevant to the

---

1. All rule references are to Missouri Supreme Court Rules (2012), unless otherwise specified.

questions presented for determination without argument." Long's statement of facts is argumentative, fails to provide accurate and specific page references to the legal file or transcript, and contains facts irrelevant to the questions she presents on appeal, all in violation of Rule 84.04(c).

Rule 84.04(d) requires a brief's points relied on identify the ruling or action of the trial court that is being challenged, provide a concise statement of the legal reasons for the claim of error, and explain why, in the context of the case, the legal reasons given support such claim of error. Neither of Long's points relied on sets forth a coherent explanation of the legal reasons for her claim or explains why, in the context of the case, such legal reasons support her claim.

Rule 84.04(e) requires the argument "substantially follow the order" set out in the points relied on, restate the point relied on at the beginning of any paragraph section discussing such point, include a concise statement of the applicable standard of review for each claim of error, and advise the court how the facts of the case and principles of law interact. Long's argument does not follow the order set out in the points-relied-on, does not restate any of the points relied on or identify the standard of review for either claim. Instead it contains authority that is erroneously cited in both substance and form, it is interspersed with additional arguments that do not correspond with Long's points relied on, and it references facts that are not a part of the legal record. *See McGill,* 235 S.W.3d at 577; *Schaefer v. Altman,* 250 S.W.3d 381, 384–85 (Mo.App. E.D. 2008).

Long's brief significantly fails to conform to Rule 84.04. Consequently, this Court is unable conduct any meaningful review without speculating as to the arguments Long is attempting to advance in her brief.

## CONCLUSION

For the reasons stated above Long's appeal is dismissed.

KATHIANNE KANUP CRANE, P.J. and MARY K. HOFF, J., concur.