

# In the Missouri Court of Appeals
# Eastern District

## Division III

| | | |
|---|---|---|
| VICTORIA KASKUTAS, | ) | No. ED100487 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Elizabeth Byrne Hogan |
| ALLSTATE PROPERTY AND | ) | |
| CASUALTY INSURANCE COMPANY, | ) | |
| | ) | |
| Respondent. | ) | FILED: August 19, 2014 |

### Introduction

Victoria Kaskutas ("Kaskutas") appeals from the judgment of the Circuit Court of the

City of St. Louis entered on August 28, 2013 in favor of Allstate Property & Casualty Insurance

Company ("Allstate"). The trial court found that Illinois law applies to issues of coverage

Kavailable to Kaskutas under her Allstate policy ("the Allstate policy") and that consequently,

Allstate has no further obligations to Kaskutas. Kaskutas challenges the trial court's denial of

her motion for partial summary judgment and its subsequent final judgment arguing that the trial

court erroneously applied the choice-of-law provisions contained in the Allstate policy. The

denial of motion for summary judgment, partial or otherwise, is not a final judgment subject to

appellate review. Moreover, Kaskutas failed to preserve any allegations of error for appellate

review with respect to the August 28, 2013 final judgment. Accordingly, we affirm the judgment of the trial court.[1]

## Factual and Procedural History

This dispute arises out of a November 2010 accident in which Kaskutas, a pedestrian, was struck by a car driven by an underinsured driver. Kaskutas filed a petition for personal injuries in the Circuit Court of the City of St. Louis against the driver and Allstate, Kaskutas' insurer. Kaskutas was the named insured on an automobile policy issued by Allstate which included coverage for Underinsured Motorist Protection ("UIM"). Kaskutas dismissed the driver as a defendant in July of 2011 and proceeded solely against Allstate.[2]

The core of this dispute relates to the choice-of-law provision contained in Kaskutas' Allstate policy. Kaskutas maintains that the language of the choice-of-law provision is ambiguous, and that the ambiguity should be resolved in her favor. Kaskutas seeks the application of Missouri law to her claim, which would allow her to "stack" the full $100,000 per-person UIM limit for each vehicle covered by the Allstate policy, and would also preclude Allstate from applying any setoffs to the UIM amount owed, making an additional $150,000 in UIM coverage available to her under the policy. Allstate, on the other hand, maintains that the choice-of-law provision is not ambiguous, and requires the application of Illinois law, which would prevent Kaskutas from "stacking" her limits and would allow the application of setoffs. Should Illinois law apply, Allstate would have no further obligations to Kaskutas beyond the amount already tendered.[3]

---

[1] Allstate's motion to dismiss was taken with the case and is denied.
[2] The parties stipulated that the underinsured driver was at fault in the accident. The parties also stipulated that as a proximate result of the accident, Kaskutas sustained bodily injury in excess of $100,000.
[3] Allstate tendered $50,000 to Kaskutas for UIM coverage based on its contention that the limit of such coverage is $100,000, and the policy provides setoffs for the amounts paid by the underinsured driver's insurer ($25,000) and for the AMP coverage paid ($25,000).

On February 17, 2012, Kaskutas and Allstate filed cross-motions for summary judgment seeking a resolution of the choice of law issue. Kaskutas moved for partial summary judgment against Allstate reasoning that the conflicting and inconsistent language within the Allstate policy's choice-of-law provision created an irreconcilable ambiguity that required the application of Missouri law to all coverage afforded by the Allstate policy. Missouri law would permit Kaskutas to "stack" the full per-person UIM limit for each vehicle covered by the policy, and would preclude Allstate from applying any setoffs to the UIM amount owed. Allstate moved for summary judgment maintaining that the choice-of-law provision set forth in the policy providing for the application of Illinois law to this dispute was unambiguous and enforceable.

On October 2, 2012, the trial court denied both motions for summary judgment. The trial court first found that the Allstate policy's choice-of-law provision was not ambiguous, reasoning that it found "no duplicity, indistinctness, or uncertainty in the meaning of the words" used in the provision. The court then proceeded to consider whether Missouri or Illinois law should apply in the case. The court explained that the choice of law was controlled by the principal location of the insured risk – that is, if the principal location of the insured risk was in Illinois, Illinois law would apply, and if in Missouri, Missouri law would apply. Because the principal location of the insured risk was a matter of disputed fact, the court concluded that resolution of the choice of law issue was inappropriate for summary judgment.

On July 22, 2013, a jury trial was held on the sole issue of the principal location of the risk. The jury returned a verdict finding that the principal location of the insured risk was in Illinois. The trial court entered judgment on August 28, 2013, ordering that because the principal location of the insured risk was in Illinois, Illinois law applied to issues of coverage available to Kaskutas under the Allstate policy. Consequently, the trial court found that Allstate had no

3

further obligations to Kaskutas beyond the amount already tendered to her.  Kaskutas did not make a motion for directed verdict during trial, nor did she file a motion for a new trial at any time.  This appeal follows.

Points on Appeal

In her first point on appeal, Kaskutas claims that the trial court erred in denying her motion for partial summary judgment because the trial court improperly found that the choice-of-law provision in the Allstate policy was unambiguous.  In her second point on appeal, Kaskutas claims that the trial court's August 28, 2013 judgment is erroneous because the judgment is predicated on the trial court's initial error in finding the Allstate policy to be unambiguous.  Kaskutas contends that a correct finding of ambiguity at that stage of the proceeding would have rendered the subsequent trial moot.

Discussion

## I.  The trial court's denial of Kaskutas' motion for partial summary judgment is not a reviewable final judgment.

It is a well-settled rule that "[t]he denial of either a motion to dismiss or a motion for summary judgment is not a final judgment and is not reviewable.  A trial court order denying a party's motion for summary judgment is not reviewable, even when the appeal is taken from the final judgment in the case."  Reis v. Peabody Coal Co., 935 S.W.2d 625, 632 (Mo. App. E.D. 1996).  This "final judgment rule" limits the right of appeal to parties that have been aggrieved by a final judgment, and is designed to avoid disruption of the trial process and promote judicial efficiency.  As a result, "[t]he requirement of finality is … not a mere technicality; it is essential to the maintenance of a smoothly functioning judicial system."  Blechle v. Goodyear Tire & Rubber Co., 28 S.W.3d 484, 486 (Mo. App. E.D. 2000).

4

Here, although Kaskutas appeals from the final judgment of August 28, 2013, her first point on appeal seeks review of the trial court's denial of her motion for partial summary judgment and the trial court's finding that the Allstate policy's choice-of-law provision was unambiguous. Kaskutas' first point on appeal refers exclusively to the trial court's error in denying her motion for partial summary judgment, based on its "improper" finding that the Allstate policy was unambiguous. As noted above, the denial of a motion for summary judgment is not a final judgment subject to appellate review. Point One is denied.

II.     **Kaskutas has not preserved for appellate review her allegations of error relating to the trial court's final judgment.**

In her second point on appeal, Kaskutas argues that the trial court's August 28, 2013 final judgment is erroneous because said judgment is predicated on an antecedent error by the trial court; specifically, the trial court's ruling on Kaskutas' motion for partial summary judgment that the Allstate policy's choice-of-law provision was unambiguous. Kaskutas reasons that had the trial court a correctly found the choice of law provision ambiguous, the subsequent trial to determine choice of law would have been rendered moot. Given this unique situation, Kaskutas posits that this Court is required to review the trial court's ruling as to the ambiguity of the choice of law provision *de novo*.

The underlying argument offered by Kaskutas in this point on appeal relates back to her first point on appeal, i.e., that she is deprived of any recourse to appellate review of the trial court's determination regarding the choice of law issue unless she is permitted to proceed with an appeal from either the trial court's denial of her motion for partial summary judgment or an appeal from the final judgment of August 28, 2013. While we recognize the unique procedural position in which Kaskutas finds herself, she placed herself in that position by failing to properly preserve her allegations of error to the final judgment for appellate review.

As discussed above, the denial of a motion for summary judgment is not a final judgment subject to appellate review. Kaskutas may appeal only from a final judgment. Here, Kaskutas submits the trial court erred in submitting the factual issues relating to the principal location of the insured risk to the jury because the choice of law provision in the insurance policy was ambiguous, and therefore Missouri law applied rendering the factual determination of the principal location of the insured risk irrelevant. To preserve the question of submissibility for review in a jury-tried case, an aggrieved party must make a motion for directed verdict at the close of evidence or file a motion for a new trial. Rule 72.01; Rule 78.07; Pope v. Pope, 179 S.W.3d 442, 451 (Mo. App. W.D. 2005). The record is void of any indication that Kaskutas made a motion for a directed verdict at any time during trial. The record similarly lacks any indication that Kaskutas filed a motion for a new trial. Although suggesting that the unique procedural posture of this case relieved her of this requirement, Kaskutas admits she did neither.[4] We are not persuaded. Kaskutas had an opportunity to continue her challenge to the submissibility of the factual allegations related to the choice of law issue by filing a motion for directed verdict, but failed to do so. Accordingly, Kaskutas has not preserved any allegations of error relating to the trial court's final judgment for appellate review.[5] Point Two is denied.

---

[4] Kaskutas states her belief that neither a directed verdict nor a motion for a new trial would have granted her the relief she seeks. Here, one judge heard and ruled upon the motion for partial summary judgment while a different judge presided over the trial. Because of the summary judgment ruling finding no ambiguity in the choice of law provision, the resulting trial addressed only a limited issue. Kaskutas does not claim any error with regard to the trial court's rulings at trial, but only the pretrial ruling resulting in a denial of her motion for partial summary judgment. This unique circumstance, however, does not waive the procedural requirements necessary to preserve matters for appellate review. Both the pre-trial ruling relating to ambiguity of the insurance policy and the subsequent trial are part of a single case resulting in a final judgment. Kaskutas could have challenged the ruling on the choice of law issue at trial by challenging the submissibility of the case to the jury through a motion for directed verdict.

[5] Although Kaskutas did not request plain error review, we note that "[r]arely applied, the plain error rule is reserved for situations, not raised on appeal or properly preserved, when the court finds that manifest injustice or a miscarriage of justice has resulted therefrom. [It] is not a doctrine available to revive issues already abandoned by selection of trial strategy or oversight." Pope v. Pope 179 S.W.3d at 459 citing King v. Unidynamics Corp., 943 S.W.2d 262, 266 (Mo.App. E.D.1997) (internal citations omitted).

## Conclusion

Because a trial court's denial of a motion for summary judgment is not a final judgment subject to appellate review, and because Kaskutas failed to properly preserve for appellate review any allegations of error relating to the trial court's final judgment, we affirm the judgment of the trial court.

_____
Kurt S. Odenwald, Presiding Judge

Robert G. Dowd, Jr., J., Concurs
Gary M. Gaertner, Jr., J., Concurs

7