Angela T. Quigless, J.
Adam Lee Hamilton ("Mr. Hamilton") appeals pro se from the circuit court's judgment following a trial de novo on his small claims petition against George M. Archer ("Mr. Archer"). The circuit court entered judgment in favor of Mr. Archer. Mr. Hamilton's brief fails to comply with the rules of appellate procedure so substantially that we cannot review this appeal, and we therefore dismiss it.
Discussion
Pro se appellants are held to the same standards as attorneys regarding the mandatory appellate briefing requirements of Rule 84.04.[1] Scott v. Potter Elec. Signal Co. , 310 S.W.3d 311, 312 (Mo. App. E.D. 2010) ; Richardson v. Meritorious Care, Inc. , 307 S.W.3d 684, 684 (Mo. App. E.D. 2010). "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant pro se litigants preferential treatment with regard to their compliance with those procedural rules." Ward v. United Eng'g Co. , 249 S.W.3d 285, 287 (Mo. App. E.D. 2008). While we prefer to dispose of a case on the merits whenever possible, if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal. Scott , 310 S.W.3d at 312 (citing Schaefer v. Altman , 250 S.W.3d 381, 384 (Mo. App. E.D. 2008) ).
Here, Mr. Hamilton failed to comply with Rule 84.04 in several respects. First, Mr. Hamilton's statement of facts does not contain a "fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Rather, Mr. Hamilton's statement is entirely argumentative and fails to provide this Court with "an immediate, accurate, complete and unbiased understanding of the facts of the case." Kuenz v. Walker , 244 S.W.3d 191, 193 (Mo. App. E.D. 2007). Further, although Mr. Hamilton provides citations to the legal file and transcript, the majority *380 of the citations are incorrect or cite to the legal file as a whole. Rule 84.04(c); Lueker v. Mo. W. State Univ. , 241 S.W.3d 865, 868 (Mo. App. W.D. 2008) (citations in appellate briefs are "mandatory and essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record").
Second, Mr. Hamilton's two points relied on fail to adhere to Rule 84.04(d)(1). Under Rule 84.04(d)(1), a point on appeal shall: (1) identify the trial court ruling or action that the appellant challenges; (2) state concisely the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. Here, neither of Mr. Hamilton's points on appeal states any legal reason for reversal nor explains why those reasons constitute error in the context of the case. "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." Moseley v. Grundy Cty. Dist. R-V Sch. , 319 S.W.3d 510, 512 (Mo. App. E.D. 2010). A point relied on that fails to comply with Rule 84.04(d) preserves nothing for review. Washington v. Blackburn , 286 S.W.3d 818, 821 (Mo. App. E.D. 2009).
Third, Mr. Hamilton's brief violates Rule 84.04(e) because it fails to set forth the applicable standard of review, presents no legal argument, and contains no relevant citations to legal authority. Mr. Hamilton's argument does not provide a standard of review for trial court decisions as required by Rule 84.04(e). Nor does the argument "explain why, in the context of the case, the law supports the claim of reversible error." In re Marriage of Smith , 283 S.W.3d 271, 275 (Mo. App. E.D. 2009). "The argument should develop the claim of error by showing the interaction between the relevant principles of law and the facts of the particular case." Johnson v. Buffalo Lodging Assocs. , 300 S.W.3d 580, 582 (Mo. App. E.D. 2009). From what we can decipher from Mr. Hamilton's brief, his argument contains only bare conclusions without linking those conclusions to specific testimony or evidence and without providing any rationale supporting the conclusions. See Washington , 286 S.W.3d at 821.
Moreover, Mr. Hamilton's first point neither includes any citation to legal authority nor explains why authority is not available. See In re Marriage of Fritz , 243 S.W.3d 484, 488 (Mo. App. E.D. 2007). Mr. Hamilton's second point includes four case citations, however, he neglects to describe how the holdings and facts of the cases are applicable to the present case. See Moseley , 319 S.W.3d at 513.[2] "Failure to cite relevant authority supporting the point or to explain the failure to do so preserves nothing for review." Fritz , 243 S.W.3d at 488. As with Mr. Hamilton's deficient statement of facts and points relied on, his failure to comply with Rule 84.04(e)'s requirements regarding the argument is grounds for dismissal of his appeal. See Duncan-Anderson v. Duncan , 321 S.W.3d 498 (Mo. App. E.D. 2010).
Although we acknowledge Mr. Hamilton is a pro se appellant, without *381 further development regarding the precise claim of error, we would be required to speculate as to Mr. Hamilton's exact argument and substitute our own developed argument on appeal. See Kramer v. Park-Et Restaurant, Inc. , 226 S.W.3d 867, 870 (Mo. App. E.D. 2007) ("Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made."). From what we can garner from Mr. Hamilton's brief, we interpret his argument to be that the trial court erred in denying his motion for summary judgment. However, the function of an appellate court is not to serve as an advocate for the parties on appeal, and this Court must carefully safeguard its role as a neutral adjudicator. Martin v. Morgan , 61 S.W.3d 300, 302 (Mo. App. E.D. 2001). Addressing arguments that a party did not sufficiently develop, "would run the risk of creating poor precedent and manipulating the adversarial process." Rodieck v. Rodieck , 265 S.W.3d 377, 385 (Mo. App. W.D. 2008) (quoting Waller v. Shippey , 251 S.W.3d 403, 407 (Mo. App. W.D. 2008) ).
To the extent Mr. Hamilton is arguing trial court error for denying his motion for summary judgment, the law is abundantly clear that the "denial of a motion for summary judgment is not subject to appellate review, even when an appeal is taken from a final judgment and not from the denial of a motion for summary judgment." Hihn v. Hihn , 235 S.W.3d 64, 67 (Mo. App. E.D. 2007) ; see also Kaskutas v. Allstate Prop. & Cas. Ins. Co. , 438 S.W.3d 526, 529 (Mo. App. E.D. 2014) ; Gamble v. Browning , 277 S.W.3d 723, 729-30 (Mo. App. W.D. 2008). Therefore, assuming our interpretation of Mr. Hamilton's argument is correct, his claim is unreviewable. See Hihn , 235 S.W.3d at 67.
Conclusion
Mr. Hamilton's brief so substantially fails to comply with the mandatory briefing requirements of Rule 84.04 that it preserves nothing for our review. See Schaefer , 250 S.W.3d at 385. Accordingly, we dismiss Mr. Hamilton's appeal.
Gary M. Gaertner, Jr., P.J., and Robert M. Clayton III, J., concur.

All rule references are to Missouri Supreme Court Rules (2016) unless otherwise indicated.

For example, Mr. Hamilton cites two cases for the mere proposition that a pro se complaint must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. However, this principle is not relevant to the arguments Mr. Hamilton raises on appeal. Furthermore, one of the cases Mr. Hamilton cites not only has an incorrect citation but also does not set forth the full case name.