

# In the Missouri Court of Appeals
# Eastern District

## DIVISION ONE

| | | |
|---|---|---|
| A.C.C., | ) | No. ED106357 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | 17SL-PN04237 |
| | ) | |
| S.B., | ) | Honorable John N. Borbonus |
| | ) | |
| Appellant. | ) | Filed: February 13, 2019 |

S.B. ("Appellant"), acting pro se, appeals the judgment granting A.C.C. a full order of protection against Appellant. Because Appellant's brief so substantially fails to comply with the mandatory briefing requirements of Missouri Supreme Court Rule 84.04 (2018)[1] that it preserves nothing for our review, we dismiss the appeal.

## I. DISCUSSION

Pro se appellants are held to the same standards as attorneys with respect to the mandatory appellate briefing requirements set forth in Rule 84.04. *Hamilton v. Archer*, 545 S.W.3d 377, 379, 379 n.1 (Mo. App. E.D. 2018) (similarly finding with respect to Missouri Supreme Court Rule 84.04 (2016)); *see generally* Rule 84.04. "Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant pro se litigants preferential treatment with regard to their compliance with those procedural rules." *Hamilton*, 545 S.W.3d at

---

[1] Unless otherwise indicated, all references to Rules are to Missouri Supreme Court Rules (2018).

379 (emphasis and quotations omitted). Although our Court prefers to dispose of a case on the merits whenever possible, we must dismiss the appeal if the deficiencies in the appellant's brief are such that no claims are preserved for appellate review. *Id*.

Here, Appellant's brief fails to comply with Rule 84.04 in multiple respects. Rule 84.04(d)(1) requires each point relied on to, (A) identify the ruling or action of the trial court that is being challenged by the appellant; (B) provide a concise statement of the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, the legal reasons provided support such a claim of error. Rule 84.04(d)(1). In this case, Appellant's first point relied on merely requests our Court to vacate the trial court's judgment and states, "[t]he [r]ules of [e]vidence, [a]uthenticity and [i]dentifying [e]vidence pertaining to the emails was [sic] not made evident." This point relied on wholly fails to comply with Rule 84.04(d)(1)(A-C) by failing to identify the ruling or action of the trial court that is being challenged by Appellant, by failing to set forth a coherent explanation of the legal reasons for her claim, and by failing to explain why, in the context of the case, such legal reasons support her claim. *See* Rule 84.04(d)(1)(A-C); *see also Davis v. Long*, 391 S.W.3d 532, 532 n.1, 533 (Mo. App. E.D. 2013) (finding a brief failed to comply with Missouri Supreme Court Rule 84.04(d) (2012) under similar circumstances). In addition, although Appellant's second, third, and fourth/final points relied on arguably identify the rulings or actions of the trial court that are being challenged by the Appellant, they fail to comply with Rule 84.04(d)(1)(B-C) by failing to set forth a coherent explanation of the legal reasons for her claims, and by failing to explain why, in the context of the case, such legal reasons support her claims. *See* Rule 84.04(d)(1)(B-C); *see also Davis*, 391 S.W.3d at 533. Therefore, Appellant's four points relied on all fail to comply with Rule 84.04(d)(1).

Appellant's brief also fails to comply with Rule 84.04(e). Rule 84.04(e) requires the argument portion of an appellant's brief to, *inter alia*: substantially follow the order set out in the points relied on; be limited to the errors included in the points relied on; include a concise statement describing whether the alleged error was preserved; set forth the applicable standard of review for each claim of error; and advise our Court how the facts of the case and principles of law interact. Rule 84.04(e); *see Davis*, 391 S.W.3d at 533. The argument portion of Appellant's brief does not follow the order set out in the points relied on, is interspersed with additional arguments that do not correspond with Appellant's points relied on, fails to describe whether the alleged errors were preserved, does not identify the applicable standard of review for any of her claims, and contains authority that is erroneously cited in both substance and form. Accordingly, it fails to comply with Rule 84.04(e). *See* Rule 84.04(e); *see also Davis*, 391 S.W.3d at 533.

In sum, Appellant's brief so substantially fails to comply with the mandatory briefing requirements of Rule 84.04 that it preserves nothing for our review. *See Hamilton*, 545 S.W.3d at 379-81 and *Davis*, 391 S.W.3d at 532-33 (similarly holding). Accordingly, Appellant's appeal must be dismissed. *See id*.

## II.    CONCLUSION

Based on the foregoing, Appellant's appeal is dismissed.

_____
ROBERT M. CLAYTON III, Judge

Roy L. Richater, P.J., and
Angela T. Quigless, J., concur.

3