

# In the Missouri Court of Appeals
# Eastern District

<u>DIVISION TWO</u>

| | | |
|---|---|---|
| DAVE CAMPBELL AND<br>CATRENIA DAWN CAMPBELL, | ) | No. ED107749 |
| | ) | |
| Appellants, | ) | |
| | ) | Appeal from the Circuit Court of |
| | ) | Washington County |
| v. | ) | Cause No. 17WA-CC00327 |
| | ) | |
| WOODLAND LAKES | ) | Honorable Stanley D. Williams |
| TRUSTEESHIP, INC., | ) | |
| | ) | |
| Respondent. | ) | Filed: November 5, 2019 |

**OPINION**

Dave Campbell and Catrenia Dawn Campbell (the "Campbells") appeal the trial court's judgment of dismissal of their second amended petition with prejudice. The Campbells raise five points on appeal. However, their brief substantially fails to comply with the mandatory requirements of Missouri Supreme Court Rule 84.04;[1] therefore, it preserves nothing for our review. We dismiss this appeal.

**DISCUSSION**

The Campbells appeal *pro se*. Rule 84.04 sets forth the mandatory briefing requirements for all appellants. Compliance is necessary "to ensure that appellate courts do not become

---

[1] All references to Rules are to Missouri Supreme Court Rules (2017).

advocates by speculating on facts and on arguments that have not been made." *Callahan v. Precythe*, 577 S.W.3d 159, 161 (Mo. App. E.D. 2019). Judicial impartiality, judicial economy, and fairness to all parties necessitates that we do not grant preferential treatment to *pro se* litigants who are held to the same standard as attorneys when they elect to represent themselves. *A.C.C. v. S.B.*, 568 S.W.3d 895, 896 (Mo. App. E.D. 2019). While our court has the discretion to review non-compliant briefs *ex gratia*, we must dismiss the appeal if the deficiencies in the appellant's brief are such that no claims are preserved for appellate review. *Smith v. City of St. Louis,* 573 S.W.3d 705, 711 (Mo. App. E.D. 2019). The Campbells' brief exemplifies such deficiencies by extensively violating Rule 84.04. Our court cannot essentially become the Campbells' advocate and "reconstruct the facts of the case, speculate about the possible claims of error, and craft an argument on [the Campbells'] behalf" in order to address the merits of their appeal. *Porter v. Div. of Employment Sec.*, 310 S.W.3d 295, 297 (Mo. App. E.D. 2010).

First, Rule 84.04(e) requires an appellant to "include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review," which must be set out under "each claim of error." The Campbells fail to set forth an appropriate standard of review for any of their multiple points on appeal.

Second, Rule 84.04 (c) requires an appellant's brief to include a "fair and concise statement of the facts relevant to the questions presented for determination without argument." It is the duty of the parties—not this court—to search the transcript or record to discover the facts which substantiate a point on appeal. *Midtown Home Improvements, Inc. v. Taylor*, 578 S.W.3d 793, 797 (Mo. App. E.D. 2019). The Campbells fail to define the scope of the controversy and afford our court an "immediate, accurate, complete, and unbiased understanding of the facts of

2

the case." *Stickley v. Auto Credit, Inc.*, 53 S.W.3d 560, 562 (Mo. App. W.D. 2001). Instead, they provide individual subheadings with general assertions and abstract statements of law, without clearly detailing the factual circumstances essential to resolve the claims they raise on appeal.

Third, the Campbells' "Points Relied On" fail to comply with Rule 84.04(d)(1). While some of the "Points Relied On" include one claim of error, others are multifarious as they group together "multiple, independent claims, of error rather than a single claim of error." *Librach v. Librach*, 575 S.W.3d 300, 307 (Mo. App. E.D. 2019). "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Id.* (quoting *Griffitts v. Old Republic Insurance Company*, 550 S.W.3d 474, 478 n.6 (Mo. banc 2018)). However, all the points asserted by the Campbells' fail to satisfy the minimum requirements of this rule. Not only are they are confusing, but they do not briefly or concisely specify the legal reasons for trial court error nor explain how those legal reasons support their claim of reversible error. *See* Rule 84.04(d).

Finally, and most importantly, the Campbells' brief violates Rule 84.04 (e) because it fails to actually discuss the "Points Relied On" and present a legal argument. To develop a point relied on, the argument section of an appellate brief "should show how the principles of law and the facts of the case interact." *Kim v. Kim*, 431 S.W.3d 524, 526 (Mo. App. W.D. 2014) (quoting *Carroll v. AAA Bail Bonds*, 6 S.W.3d 215, 218 (Mo. App. S.D. 1999)). The Campbells present "bare conclusions without linking those conclusions to specific evidence and without providing any rationale supporting the conclusions." *Carlisle v. Rainbow Connection, Inc.*, 300 S.W.3d 583, 586 (Mo. App. E.D. 2009). While their argument presents case law and details regarding the underlying claims, the Campbells fail to make any sense to their arguments by

comparing the facts, applying the legal principles of those cases to this case, and to effectively "explain why, in the context of the case, the law supports the claim of reversible error." *Hamilton v. Archer*, 545 S.W.3d 377, 380 (Mo. App. E.D. 2018); *see also Hiner v. Hiner*, 573 S.W.3d 732, 736 (Mo. App. W.D. 2019). Our court cannot just attempt a good guess at the parameters of the Campbells' legal arguments. Appellate courts should not be asked to do so because "[t]he function of the appellate court is to examine asserted trial-court error, not to serve as advocate for any party on appeal." *Kramer v. Park-Et Rest., Inc.*, 226 S.W.3d 867, 870 (Mo. App. E.D. 2007) (citing *Weisenburger v. City of St. Joseph*, 51 S.W.3d 119, 125 (Mo. App. W.D. 2001)).

## CONCLUSION

The absolute failure to comply with Rule 84.04 is such that it precludes our ability to address the merits of the Campbells' claims—even *ex gratia*—and preserves nothing for our review. Thus, their appeal is dismissed.

_____

Lisa P. Page, Judge

Philip M. Hess, P.J. and Kurt S. Odenwald, J., concur.

4