

# In the Missouri Court of Appeals
# Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED110600 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | 703265283-01 |
| | ) | |
| JAMES S. MURPHY, | ) | Honorable Brice R. Sechrest |
| | ) | |
| Appellant. | ) | Filed:  April 18, 2023 |

James S. Murphy ("Appellant"), acting *pro se*, appeals the motion court's decision denying his Rule 29.07 motion to withdraw his guilty plea.  While Appellant identifies multiple Missouri Supreme Court Rules and statutes in his brief on appeal, his alleged points of error neither raise cognizable errors of law nor do they meet our requirements for substantive and reviewable briefing.  *See* Missouri Supreme Court Rule 84.04 (2022).[1]  Accordingly, Appellant's brief preserves nothing for our review and we dismiss the appeal.  *See id*.

### I.     DISCUSSION

On April 21, 2021, Appellant pleaded guilty to failure to register a motor vehicle, a misdemeanor under section 301.020 RSMo Cum. Supp. 2020 (effective from August 28, 2019 to August 27, 2021).  He was ordered to pay a fine of $100.50.  On April 11, 2022, Appellant filed a motion to withdraw his guilty plea pursuant to Rule 29.07(d).  Rule 29.07(d) states, "[a] motion to

---

[1] All references to Rules are to Missouri Supreme Court Rules (2022).

withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." The motion court held a hearing on Appellant's motion and denied the motion on May 17, 2022. This appeal followed, and Appellant raises two points on appeal.

## A.      Rule 84.04

*Pro se* appellants are held to the same standards as attorneys with respect to the mandatory briefing requirements set forth in Rule 84.04 and this Court will not grant *pro se* litigants preferential treatment with respect to their compliance with procedural rules. *See generally* Rule 84.04; *see also A.C.C. v. S.B.*, 568 S.W.3d 895, 896 (Mo. App. E.D. 2019); *Hamilton v. Archer*, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018). This Court "prefer[s] to dispose of a case on the merits whenever possible." *Hamilton*, 545 S.W.3d at 379. Accordingly, if we can overcome briefing deficiencies and identify legitimate points of error, we will attempt to review an appellant's arguments on the merits. *See id*. However, "if the deficiencies in the brief are such that no claims are preserved for appellate review, then we must dismiss the appeal." *Id*. These are the circumstances in the instant case.

Rule 84.04(d)(1) requires each point relied on to, "(A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." *Id*.; *see also A.C.C.*, 568 S.W.3d at 897. Rule 84.04(e) states, "[t]he argument [section of an appellant's brief] . . . shall be limited to those errors included in the 'Points Relied On.'" Moreover, subsection (e) provides, "the argument [section for each point relied on] shall also include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review."

2

Finally, Rule 84.04(h) requires an appellant to include a separate appendix to the brief which contains, *inter alia*, "[t]he judgment, order, or decision in question."

## B.    Point One

In point one, Appellant asserts "the motion court erred to Appellant's prejudice in failing to determine whether [ ] Appellant was coerced to make an involuntary and unintelligent plea of guilty to a class B misdemeanor in violation of Rule 23.01(b) and [s]ection 476.410 RSMo [2016].[2]" Although this point relied on arguably identifies the ruling or action that is being challenged – the motion court's May 17, 2022 denial of Appellant's Rule 29.07 motion – it fails to comply with Rule 84.04(d)(1)(B-C) because Appellant does not explain why, in the context of the case, Rule 23.01(b) and section 476.410 support his argument in point one.

Rule 23.01(b) states:

The indictment or information [for a misdemeanor or felony charge] shall:
(1) [s]tate the name of the defendant . . .; (2) [s]tate plainly, concisely, and definitely the essential facts constituting the elements of the offense charged . . .; (3) [s]tate the date and place of the offense charged as definitely as can be done . . .; (4) [c]ite the statute alleged to have been violated and the statutes that fix the penalty or punishment therefor; and (5) [s]tate the name and degree, if any, of the offense charged.

Section 476.410 provides, "[t]he division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought."

Although Appellant identifies Rule 23.01(b) and section 476.410 his point relied on, he fails to make any discernible connection between the Rule and the statute and his claim for relief under Rule 29.07(d).  Accordingly, his point relied on fails to comply with Rule 84.04(d)(1).  *See id.*

---

[2] All statutory references to section 476.410 are to RSMo 2016 (effective from January 2, 2007 to the present).

Similarly, the argument section in point one, (1) is interspersed with additional arguments that do not correspond with Appellant's point relied on; (2) fails to describe whether the alleged error was preserved; and (3) fails to identify the applicable standard of review. *See* Rule 84.04(e). Consequently, the argument section in point one fails to comply with Rule 84.04(e). *See id*.

**C.      Point Two**

In point two, Appellant argues "the trial court erred to Appellant's prejudice in not complying with Rule 24.02(b), (c) and (d)(2) thereby failing to inform [ ] [A]ppellant of his rights or consequances [sic] in pleading guilty prior to entering his plea." This point relied on is also deficient for several reasons. First, Appellant's reference to the "trial court" rather than the motion court suggests that he is not challenging any ruling or action that occurred at the motion court's May 17, 2022 hearing on his Rule 29.07 motion. Accordingly, it is unclear which ruling or action is being challenged in point two. *See* Rule 84.04(d)(1)(A).

Moreover, Appellant fails to explain why, in the context of the case, Rule 24.02(b), (c), and (d)(2) support his argument in point two. *See* Rule 84.04(d)(1)(B-C). Rule 24.02(b) provides:

> [B]efore accepting a plea of guilty, the court must address the defendant personally in open court, and inform defendant of, and determine that defendant understands, the following: (1) [t]he nature of the charge to which the plea is offered . . .; [ ] (2) . . . that defendant has the right to be represented by an attorney at every stage of the proceedings . . .; [ ] (3) [t]hat defendant has the right to plead not guilty . . .; and (4) [t]hat if defendant pleads guilty there will not be a further trial of any kind . . ..

Rule 24.02(c) requires the court to determine that a defendant's guilty plea is voluntary and Rule 24.02(d)(2) requires the court to disclose a plea agreement on record in open court.

As with point one, Appellant identifies Rule 24.02 in his point relied on, but fails to make any discernible connection between Rule 24.02 and his claim for relief under Rule 29.07(d). Therefore, his second point relied on similarly fails to comply with Rule 84.04(d)(1).

Additionally, the argument section in point two fails to describe whether the alleged error was preserved and fails to identify the applicable standard of review for point two. *See* Rule 84.04(e). Therefore, the argument section in point two fails to comply with Rule 84.04(e). *See id.*

**D.      Conclusion with Respect to Appellant's Compliance with Rule 84.04**

Finally, Appellant failed to provide an appendix to his brief which includes "[t]he judgment, order, or decision in question" as required by Rule 84.04(h). Instead, the appendix attached to Appellant's brief only contains a docket entry which reflects the parties' initial appearance on January 28, 2021. This is, in part, why it is difficult for this Court to discern exactly which rulings or actions are being challenged on appeal.

In sum, Appellant's brief so substantially fails to comply with Rule 84.04 that it preserves nothing for our review. *See A.C.C.*, 548 S.W.3d at 897. Accordingly, despite this Court's preference for disposing of cases on the merits, Appellant's appeal must be dismissed.

## II.      CONCLUSION

Based on the foregoing, Appellant's appeal is dismissed.

_____
ROBERT M. CLAYTON III, Judge

Angela T. Quigless, P.J., and
Sherri B. Sullivan, J., concurs.

5