

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| PARKSIDE FINANCIAL BANK & TRUST, | ) | No. ED111244 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Honorable Nicole S. Zellweger |
| YVONNE BOHAC ALLEN, | ) | |
| | ) | |
| Appellant. | ) | FILED: April 16, 2024 |

### Introduction

Yvonne Bohac Allen ("Allen") appeals from the probate court's judgment instructing Parkside Financial Bank & Trust ("Parkside") on administration of the Trust created by Allen's deceased spouse ("Decedent"). In her sole point on appeal, Allen alleges "conspiracy, fraud, bias, and violations of [her] constitutional right[s]," and she requests "a mistrial" or a "negating of all orders and judgments." Because Allen's failure to comply with Rule 84.04's[1] mandatory briefing requirements substantially impairs our review, we must dismiss the appeal.

### Factual and Procedural History

Following Decedent's death in 2014, Allen and Decedent's children engaged in a significant amount of litigation regarding the Trust. Relevant to this appeal, the litigation resulted in findings that Allen, in her role as personal representative, breached fiduciary duties

---

[1] All Rule references are to Mo. R. Civ. P. (2023), unless otherwise noted.

owed to the Trust. Parkside was appointed as successor trustee in March 2021 and subsequently filed a Petition for Instructions with the probate court. Parkside's Petition sought guidance on various aspects of Trust administration, particularly in light of the prior judgments against Allen.

The probate court issued its judgment in September 2022. The following month, Allen filed a notice of appeal.[2] Between February and August 2023, this Court issued to Allen five notifications alerting her that documents required for appeal, including her brief, were overdue. We granted each of Allen's requests to file the documents out of time. Allen ultimately filed her Initial Brief on September 29, 2023.

Parkside moved to dismiss Allen's appeal, or in the alternative to strike her Initial Brief, citing briefing deficiencies "so numerous that they cannot possibly all be listed." We granted Allen leave to file an amended brief and informed her that failure to bring her appeal into compliance with Rule 84 would result in dismissal. Our order identified at least six violations of Rules 84.04 and 84.06 in the Initial Brief for Allen to address in amended briefing, including: (1) failure to contain a compliant jurisdictional statement; (2) failure to contain a fair and concise statement of facts without argument and with citation to the record on appeal; (3) failure to present properly her points relied on; (4) failure to contain arguments corresponding to the points relied on that reference supporting legal authority; (5) failure to contain a proper certification of compliance; and (6) failure to include a compliant appendix. After Allen filed an Amended Brief and appendix, we issued an order taking the matter of Allen's Rule 84 compliance with the case.[3]

Point on Appeal

---

[2] Allen has been represented by counsel throughout her appeal.
[3] The week Allen filed her Amended Brief, she also filed duplicative motions to file the Amended Brief out of time and duplicative motions to file an amended appendix out of time.

In her sole point on appeal, Allen states: "There was conspiracy, fraud, bias, and violations of [Allen's] constitutional right which singley [sic] or in combonation [sic] would be grounds for a mistrial and negating of all orders and judgements."

Discussion

## I. Point One—Rule 84.04 Violations

Under Rule 84.13, "[a]part from questions of jurisdiction of the trial court over the subject matter, allegations of error not briefed or not properly briefed shall not be considered in any civil appeal[.]" City of Harrisonville v. Mo. Dep't of Nat. Res., 681 S.W.3d 177, 180 (Mo. banc 2023) (quoting Rule 84.13). Requirements for proper appellate briefing are set forth in Rule 84.04. Lexow v. Boeing Co., 643 S.W.3d 501, 505 (Mo. banc 2022) (citing Fowler v. Mo. Sheriffs' Ret. Sys., 623 S.W.3d 578, 583 (Mo. banc 2021)). Rule 84.04 is not designed to hamstring appellants with hyper-technicalities. Hutcheson v. Dep't of Soc. Servs., Fam. Support Div., 656 S.W.3d 37, 40 (Mo. App. E.D. 2022). Rather, the rule ensures that a brief gives other parties and the reviewing court notice of the particular issues presented on appeal. Lexow, 643 S.W.3d at 505. Moreover, Rule 84.04 safeguards appellate courts from advocating for a party by inferring unpresented arguments and facts. Bruce v. City of Farmington, 551 S.W.3d 65, 66 (Mo. App. E.D. 2018).

We agree with Parkside that Allen's Amended Brief violates the Rules of Appellate Procedure in numerous respects. Our analysis focuses on the three Rule 84.04 violations which most significantly impair our review.

### A. Rule 84.04(c)—Statement of Facts

Rule 84.04(c) requires briefs to "fair[ly] and concise[ly] state[] [the] facts relevant to the questions presented for determination without argument." Hamilton v. Archer, 545 S.W.3d 377, 379 (Mo. App. E.D. 2018) (quoting Rule 84.04(c)). The facts section should provide this Court

3

and the other parties with "an immediate, accurate, complete, and unbiased understanding of the facts of the case." Id. at 379 (internal quotation omitted). For each factual assertion, an appellant must include "specific page references to the relevant portion of the record on appeal[.]" Rule 84.04(c); see also Lexow, 643 S.W.3d at 508. Such citations are "essential for the effective functioning of appellate courts because courts cannot spend time searching the record to determine if factual assertions in the brief are supported by the record." Hamilton, 545 S.W.3d at 380 (internal quotation omitted). Failure to present the facts in a manner compliant with Rule 84.04(c) preserves nothing for review and warrants dismissal. Williams v. Williams, 669 S.W.3d 708, 716 (Mo. App. E.D. 2023).

In her statement of facts, Allen accuses numerous lawyers and Trust beneficiaries of wrongdoings such as forgery and fraud. Allen also repeatedly accuses probate court judges of issuing biased rulings, committing fraud, and violating the law. This recitation manifestly violates Rule 84.04(c)'s requirement that a party tell a "fair and concise statement of the facts . . . *without argumentation*." See Hamilton, 545 S.W.3d at 379 (emphasis added).

Furthermore, many assertions within the fact section contain no citation to the record on appeal. See Rule 84.04(c); Lexow, 643 S.W.3d at 508. Absent these citations, this Court, as well as Parkside, would need to scour a lengthy legal record, consisting of over 600 documents, to determine if the assertions are, in fact, supported. See Hamilton, 545 S.W.3d at 380. The Western District recently refused to conduct a similar search "for a needle in a haystack, or more specifically, [a] search[] for a particular needle in a stack of needles." Brown v. Brown, 645 S.W.3d 75, 83–84 (Mo. App. W.D. 2022). We likewise decline to engage in this task.

4

Rule 84.04(c) violations in the Amended Brief justify dismissal of Allen's appeal.  See

Williams, 669 S.W.3d at 716.  As set forth below, however, the briefing deficiencies extend

beyond the statement of facts.

        B.      Rule 84.04(d)—Points Relied On

"Central to the formation of a brief are an appellant's points relied on."  Lexow, 643

S.W.3d at 505.  Points relied on "give notice to the opposing party of the **precise matters** which

must be contended with and [] inform the court of the issues presented for review."  Id.

(emphasis added) (internal quotation omitted).  Missouri courts do not play "hide-the-ball" with

points relied on.  See B.A. v. Ready, 634 S.W.3d 653, 656 (Mo. App. W.D. 2021).  In addition to

plainly listing the required component parts for each point, Rule 84.04(d) provides a template

from which appellants may model a workable point:

> The point shall be in substantially the following form: "The trial court erred in
> [*identify the challenged ruling or action*], because [*state the legal reasons for the
> claim of reversible error*], in that [*explain why the legal reasons, in the context of
> the case, support the claim of reversible error*]."

Rule 84.04(d)(1)(A)–(C); see also Lexow, 643 S.W.3d at 505.

As the template makes abundantly clear, a point may not merely identify trial court error;

rather, the appellant must also concisely state the legal reasons for the error and summarize,

within the context of the case, how the legal reasons support a claim of reversible error.  Fowler,

623 S.W.3d at 582 (citing Rule 84.04(d)); see also Lexow, 643 S.W.3d at 507 (internal citation

omitted) (considering whether a point relied on states "wherein and why" the trial court erred).

We have long recognized that, when a point relied on fails to include all required components, "it

is difficult, at the very least, for respondent's counsel to properly perform his briefing

obligation."  Tummel v. King, 570 S.W.2d 679, 686 (Mo. banc 1978).  The reviewing court also

risks assuming an impermissible advocacy role by attempting to discern the appellant's

argument, which may be obscured by a noncompliant point. <u>Harrisonville</u>, 681 S.W.3d at 181.

Points relied on that do not comply with Rule 84.04(d) are grounds for dismissal. <u>Hutcheson</u>,

656 S.W.3d at 43.

With these principles established, we turn to Allen's point relied on. At the most basic

level, Allen fails to follow the simple template set forth in Rule 84.04(d). <u>See</u> <u>Lexow</u>, 643

S.W.3d at 507. Allen's point relied on presents only wholesale allegations of "conspiracy, fraud,

bias, and [constitutional] violations." The point relied on does not identify the specific ruling or

action Allen challenges, state a legal reason for the claim of error, or explain why those legal

reasons support a claim of reversible error. <u>See</u> Rule 84.04(d)(1). Critically, the point omits any

statement of "wherein and why" the probate court erred during the lengthy litigation preceding

this appeal. <u>See</u> <u>Lexow</u>, 643 S.W.3d at 507. Such omissions place this Court in an untenable

position. To understand Allen's point on appeal, we must speculate as to the particular probate

court error she seeks to challenge and then construct a theory of reversible error on her behalf.

<u>See</u> <u>Harrisonville</u>, 681 S.W.3d at 181. As this Court is a neutral arbiter, not an advocate, we will

not engage in such activity. <u>See</u> <u>id.</u> Allen's deficient point relied on supports dismissal. <u>See</u>

<u>Hutcheson</u>, 656 S.W.3d at 43.

On occasion, this Court has exercised its discretion to review noncompliant points relied

on when the appellant's argument is otherwise readily ascertainable. <u>See, e.g.</u>, <u>Jacoby v.</u>

<u>Hamptons Cmty. Ass'n, Inc.</u>, 602 S.W.3d 869, 872 (Mo. App. E.D. 2020) ("Because we

understand Appellant's arguments as elaborated in the argument portions of their brief, we

exercise our discretion to proceed in our review."). As described below, the issues presented in

the point relied on are further compounded, not clarified, in the Amended Brief's argument

section.

6

C.    Rule 84.04(e)—Argument

Rule 84.04(e) governs a brief's argument.  The argument section must concisely state whether the error was preserved for appeal and identify the applicable standard of review.  Rule 84.04(e).  "The purpose of the argument section is to demonstrate how the principles of law and the facts of this case interact to support a claim for reversible error."  Young v. Mo. Dep't of Soc. Servs., 647 S.W.3d 73, 78 (Mo. App. E.D. 2022).  As in the statement of facts, factual assertions raised within the argument portion must include citation to the relevant portion of the record on appeal.  Auman v. Richard, 672 S.W.3d 277, 281 (Mo. App. W.D. 2023) (quoting Rule 84.04(e)).  Failure to adhere to Rule 84.04(e) warrants dismissal.  Burgan v. Newman, 618 S.W.3d 712, 716 (Mo. App. E.D. 2021).

We note several issues with the preservation statement and applicable standard of review supplied in the Amended Brief.  Because the standard of review outlines this Court's role in disposing the matter, it is an "essential portion of all appellate arguments."  Waller v. Shippey, 251 S.W.3d 403, 406 (Mo. App. W.D. 2008).  Here, Allen initially requests plain error review pursuant to Missouri Rule of Criminal Procedure 30.20, which is inapplicable to civil proceedings.  Allen subsequently argues that the "standard of review for an alleged error in closing argument depends upon whether defense counsel objects."  The Amended Brief contains no other mention of closing arguments, and this Court can discern no reason for framing the standard of review accordingly.  Thus, the Amended Brief is devoid of information essential to our disposition of the appeal.  See id.

Beyond preservation and standard-of-review issues, the section utterly fails to develop an argument through applying legal principles to the particular facts of her case.  See Young, 647 S.W.3d at 78.  Although Allen provides citation to some legal authority, it is difficult to ascertain

7

how the cited legal propositions interact with the facts of this case.[4] See id. Moreover, as in her statement of facts, Allen fails to cite consistently to the relevant portion of the legal record. See Auman, 672 S.W.3d at 281.

These extensive failures severely impair our ability to review the Amended Brief and justify dismissal. See Burgan, 618 S.W.3d at 716.

D.      Summary

Although we have discretion to conduct ex gratia review of a noncompliant brief, we do so only where "we can ascertain the gist of an appellant's arguments, notwithstanding ***minor*** shortcomings in briefing." Murphree v. Lakeshore Ests., LLC, 636 S.W.3d 622, 624 (Mo. App. E.D. 2021) (internal quotation omitted). The shortcomings in Allen's briefing are not minor. See id. Given the pervasive Rule 84.04 violations throughout the Amended Brief, reviewing the Amended Brief would require us to become Allen's advocate, thereby exceeding our mandate as impartial reviewers of the probate court's actions. See Bruce, 551 S.W.3d at 66.

We do not take lightly the decision to dismiss an appeal without reaching its merits, but we also do not take lightly the mandatory briefing requirements set forth by our Supreme Court. See Harrisonville, 681 S.W.3d at 183. Allen was already notified of her Initial Brief's Rule 84 violations and offered a six-part list enumerating its errors. This Court generously granted Allen an opportunity to correct the Initial Brief's significant deficiencies. Allen failed to redress the deficiencies with the filing of her Amended Brief. See Brown, 645 S.W.3d at 81 (internal citation omitted) ("Dismissal is particularly appropriate where appellant makes no effort to

---

[4] Despite Rule 84.04(e)'s express instruction that appellants should not include long quotations from legal authority, the Amended Brief's argument portion is filled with protracted quotations from caselaw and statutes. For example, without putting the paragraph in quotation marks or citing it as such, Allen appears to copy a nine-sentence paragraph describing plain error review directly from State v. Flores, 437 S.W.3d 779 (Mo. App. W.D. 2014). This, too, violates Rule 84.04(e).

correct the deficient points in his amended brief, even after being put on notice that they were inadequate."); see also Lexow, 643 S.W.3d at 509 (finding significant to its dismissal the appellant's failure to correct briefing deficiencies cited by the Court of Appeals).

Because the Amended Brief's numerous briefing deficiencies substantially impair appellate review, Point One is dismissed.[5] See Lexow, 643 S.W.3d at 509–10.

Conclusion

The appeal is dismissed.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs.

---

[5] We grant Parkside's motion to dismiss the appeal and deny Parkside's motion in other respects.