Vivian **HOUSTON,** Plaintiff–Appellant,

v.

Jeffrey T. **WEISMAN, et al.,**
Defendants–Respondents.

No. ED 87087.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 27, 2006.

Rehearing Denied Aug. 9, 2006.

---

Vivian Houston, St. Louis, pro se.

Jeffrey T. Weisman, Earth City, pro se.

LAWRENCE E. MOONEY, Judge.

The plaintiff, Vivian Houston, appeals the judgment of the Circuit Court of St. Louis County granting summary judgment against her and in favor of the defendant, Jeffrey T. Weisman. We dismiss the appeal for failure to comply with Supreme Court Rules 84.04(d), 84.04(e), and 84.13(a).

## Factual Background

Vivian Houston sued attorney Jeffrey Weisman, alleging fraud in connection with prior foreclosure and unlawful-detainer proceedings brought against Houston by Weisman's client, Mortgage Electronic Registration Systems, Inc. In the instant case, the trial court granted Weisman's motion for summary judgment. Houston appeals, *pro se,* and appears to complain of fraud in the earlier proceedings against her and unfairness in this case. Weisman filed no respondent's brief.

## Discussion

*Pro se* appellants are held to the same standards as attorneys and must comply with rules of appellate procedure. *Davis v. Coleman,* 93 S.W.3d 742, 742 (Mo. App. E.D.2002). Failure to comply constitutes grounds for dismissal. *Id.* at 742–43. Houston has failed to comply with Rules 84.04 and 84.13 so substantially that her appeal is unreviewable.

Rule 84.04(d) requires that a point relied on identify the challenged trial-court ruling or action, state concisely the legal reasons for the appellant's claim of reversible error, and explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. *Snyder v. Snyder,* 142 S.W.3d 780, 782–83 (Mo.App. E.D.2004) (per curiam). Failure to follow Rule 84.04 can result in failure to preserve anything for appellate review. *Davis,* 93 S.W.3d at 743. In her first point, Houston claims she did not receive a fair hearing and provides a narrative timeline of filings and rulings in the trial court. In her second point, Houston claims the court should have denied Weisman's motion. Neither of Houston's points relied on conforms to Rule 84.04(d). Her first point fails to include any of the requirements of Rule 84.04(d). Her second point fails to state the legal reasons for her claim of reversible error or to explain why those legal reasons support her claim.

Houston's brief also fails to comply with Rule 84.04(e). Rule 84.04(e) provides that the point relied on shall be restated at the beginning of the argument section discussing that point. The points stated at the

beginning of each argument are wholly different than those contained in the points relied on section. The points contained in the brief's argument section are incoherent and likewise fail to comply with the requirements of Rule 84.04(d). Point I preceding the argument section claims the trial court erred in affirming the decision of the associate circuit court, apparently referring to the earlier judgment against Houston in the unlawful-detainer action. This version of Point I fails to state the legal reasons for Houston's claim of reversible error or to explain why those legal reasons support her claim. Point II in the argument section simply urges us to read Weisman's uncontroverted facts, apparently referring to the summary-judgment motion. This version of Point II fails to meet any of the requirements of Rule 84.04(d). Rule 84.04(e) also provides that the argument shall substantially follow the order of the points relied on and shall be limited to errors included in the points. Here, the argument under each point fails to relate in any meaningful way to either version of Houston's points, thus failing to comply with Rule 84.04(e).

 Furthermore, Houston preserves nothing for appeal in that she has not properly briefed any allegation of error or developed any argument supported by legal authority. Rule 84.13(a) provides in relevant part that allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. *Horwitz v. Horwitz*, 16 S.W.3d 599, 604–05 (Mo.App. E.D.2000). To be properly briefed, an appellant must develop the contention raised in the point relied on in the argument section of the brief. *Id.* at 605. If a party does not support contentions with relevant authority or argument beyond conclusory statements, the point is deemed abandoned. *Id.* In this case, Houston fails to articulate and develop any argument and fails to cite any relevant authority. In fact, she cites non-existent statutory sections.

Houston's points relied on and argument fail to conform to the requirements of Rule 84.04, and her brief contains no argument supported by relevant legal authority, in violation of Rule 84.13(a). Thus, Houston preserves nothing for appellate review, leaving this Court without jurisdiction. *Snyder*, 142 S.W.3d at 783. Appeal dismissed.

KATHIANNE KNAUP CRANE, P.J., and BOOKER T. SHAW, J., concur.