Ralph K. BLAKEY, Appellant,

v.

AAA PROFESSIONAL PEST CONTROL, INC. and Division of Employment Security, Respondents.

No. ED 88611.

Missouri Court of Appeals, Eastern District, Division Three.

April 17, 2007.

Ralph K. Blakey, St. Louis, MO, pro se.

Ninion S. Riley, Jefferson City, MO, for respondent.

## *Introduction*

KENNETH M. ROMINES, Judge.

Appellant Ralph K. Blakey ("Blakey") appeals from the decision of the Missouri Labor & Industrial Relations Commission ("Commission"), after the Commission denied Blakey's petition for unemployment benefits. We dismiss Blakey's appeal because his brief failed to comply with Rule

84.04, and thus, it preserved nothing for appellate review.

### *Factual and Procedural Background*

The record below reveals that Blakey had been employed by Respondent AAA Professional Pest Control ("AAA") as a part-time "account representative" for several months when he requested a leave of absence to take care of a "personal health problem." However, the Commission found that AAA's president, Gary Huge, never granted Blakey a leave of absence. Rather, it appears that Huge told Blakey to "provide medical updates." Furthermore, Blakey did not advise Huge on the amount of time he expected to be away from work, either at the time of the initial conversation or at anytime thereafter. Blakey then missed three days of work, at which time he was terminated pursuant to company policy. Blakey then filed a claim for unemployment benefits, which AAA opposed. The matter was contested before the Commission, and Blakey was ultimately denied benefits. This appeal followed.

### *Discussion*

Blakey raises three self-denominated points on appeal. However, because we find that Blakey's brief fails to comply with several critical aspects of Rule 84.04, we are compelled to dismiss the appeal.

 We note initially that *pro se* appellants are held to the same standards as licensed attorneys, and thus, their briefs must comply with the rules of appellate procedure. *Houston v. Weisman,* 197 S.W.3d 204, 205 (Mo.App. E.D.2006). Failure to comply with these rules constitutes grounds for dismissal. *Id.* Furthermore, established Missouri precedent holds that "[a]ppellate courts are not required to review an appeal on the merits where there are flagrant violations of Rule 84.04 concerning the requirements of an appellate brief in a civil case." *Coleman v. Gilyard,* 969 S.W.2d 271, 273 (Mo.App. W.D.1998). This rule exists because "it is not proper for the appellate court to speculate as to the point being raised by the appellant and the supporting legal justification and circumstances." *Boyd v. Boyd,* 134 S.W.3d 820, 823 (Mo.App. W.D.2004). Appellate courts are not permitted to speculate on an appellant's arguments because, "[t]o do so would cast the court in the role of an advocate for the appellant." *Id.* at 824.

 In this case, Blakey's three Points Relied On, as well as his arguments in support of these points, failed to comply with Rules 84.04(d) and 84.04(e). Given these deficiencies, we find that Blakey's brief preserves nothing for appellate review.

 Missouri appellate courts require a Point Relied On to comply with the specific requirements of Rule 84.04(d), and have held that, "[a]n insufficient point relied on, which cannot be understood without resorting to the record or the argument portion of the brief, preserves nothing for appellate review." *Coleman,* 969 S.W.2d at 274. Furthermore, "[a]n appellant must cite authority in support of his points relied on if the point is one for which precedent is appropriate and available." *Luft v. Schoenhoff,* 935 S.W.2d 685, 687 (Mo.App. E.D.1996). "Arguments raised in the points relied on which are not supported by argument in the argument portion of the brief are deemed abandoned and present nothing for appellate review." *Id.* A point is considered abandoned "[i]f a party fails to support a contention with relevant authority or argument beyond conclusions." *Id.*

In this case, Blakey's brief is woefully inadequate in its compliance with Rules 84.04(d) and 84.04(e). Blakey's first Point Relied On reads as follows: "The Labor and Industrial Relations Commission erred

in affirming the decision of the appeals tribunal which found that the claimant was disqualified for benefits on a finding that I left work voluntarily without being granted a leave of absence. (A) The Commission acted in excess of its authority in that it failed to make the required finding that I was eligible for benefits." In support of this Point, Blakey basically argues that "the facts are being ignored" when the Commission found that he voluntarily quit his job.

First, although Blakey's Point vaguely identifies "the specific administrative ruling or action being challenged," as required by Rule 84.04(d)(2)(A), he fails to "state concisely the legal reasons for … [his] claim of reversible error," as required by Rule 84.04(d)(2)(B). Furthermore Blakey wholly fails to "explain in summary fashion why, in the legal context of the case, those legal reasons support the claim of reversible error," as required by Rule 84.04(d)(2)(C).

Missouri courts also require an appellant to "develop the contention raised in the point relied on in the argument section of the brief." *Houston*, 197 S.W.3d at 206. Here, Blakey's argument is completely devoid of legal authority, and contains only generalized conclusory statements. Moreover, Blakey makes no attempt whatsoever to cite to the record below, and thus, this Court is left to speculate as to the evidence supporting his argument. Thus, based upon the foregoing authority we find that Blakey's first Point Relied On has been abandoned.

Blakey's second Point Relied On is even less helpful than the first, where he states the following: "The facts do not support the affirmation made by the Commission of the Deputy's assertion that I left work without good cause attributable to the work or the employer. Therefore the Commission erred in affirming the decision of the appeal tribunal." In support of this

Point, Blakey essentially argues that, "[t]he referee has no medical information upon which to base a determination of the exact 'cause' of my medical condition and therefore erred in making a judgment call absent qualifying facts." For the same reasons we found that Blakey's first Point failed to comply with Rule 84.04, we find that his second Point also failed to comply, and thus, this point has been abandoned.

Finally, Blakey argues in his third Point that, "The Commission erred in that it affirmed the decision of the appeals tribunal without having that decision be reflective of having the full support of competent and substantial evidence on the whole record." In support of this Point, Blakey basically argues that no evidence was presented that refuted his assertion that Huge granted him a medical leave of absence. However, Blakey again fails to cite any authority or make any references to the record. Therefore, we likewise find that Blakey's third point has been abandoned.

### *Conclusion*

■ Since we find that Blakey's brief failed to comply with several essential requirements of Rule 84.04, we hold that Blakey's three self-denominated Points Relied On have been abandoned. Therefore, Blakey's brief must be dismissed. We are mindful that such a dismissal is a drastic action. However, we do not reach this conclusion to exalt form over substance. The rules of appellate procedure ensure that both parties are given a fair and structured forum in which to present their arguments. Following these rules is not just a requirement, it is good appellate practice.

The appeal is DISMISSED.