**In re the Marriage of James R. ELKINS, Plaintiff/Appellant,**

**v.**

**Robin A. ELKINS, Defendant/Respondent.**

**No. ED 90338.**

Missouri Court of Appeals, Eastern District, Division Two.

June 17, 2008.

James R. Elkins, Grover, MO, for appellant.

Robin A. Elkins, Eureka, MO, for respondent.

BOOKER T. SHAW, Judge.

James Elkins (Appellant) appeals *pro se* from the trial court's judgment dissolving his marriage to Robin Elkins (Respon-

dent). Appellant attempts to assert eight points of error relating to the division of financial assets and liabilities, awards of attorney fees and court costs, and alleged attorney misconduct. But numerous defects in Appellant's brief preclude our review of the merits. We dismiss for fatal non-compliance with Rule 84.04.

■ Subsection (b) of the rule requires that a jurisdictional statement set forth sufficient facts to demonstrate the applicability of the particular provision of Article V, section 3, of the Missouri Constitution. Appellant's statement bases jurisdiction on "grounds of prejudice and abuse of discretion" by the court, "unethical behavior by the attorneys involved," Missouri dissolution statutes, the Rules of Professional Conduct, and "the failure to act by the Office of Chief Disciplinary Counsel." The foregoing accusations do not establish this court's jurisdiction as contemplated by Article V, section 3, of the Constitution or by Rule 84.04(b).

■ Subsection (c) requires a fair and concise statement of facts relevant to the questions presented for determination without argument. The following examples are representative of the entire statement of facts. "The Kendrick court did not apply RSMo 452.330.1(4) when considering division of property and debt—totally disregarding the financial damage to Appellant by Respondent in the area of illegal check writing. . . . Respondent's attorneys engaged in unethical behavior as defined in . . . the Rules of Professional Conduct . . . The [OCDC] failed to address significant violations of the Rules . . . The Kendrick court ignored a blatant violation of law. . . ." Appellant's statement of facts is hardly fair, wholly argumentative, and thus in violation of Rule 84.04(c).

■ Subsection (d) demands that points relied on identify a legal basis for the alleged error and apply that basis to the facts of the case. Appellant's fourth and seventh points, by way of example, merely assert that the trial court's assessment of attorney fees and costs was error because Respondent is better educated and equally capable of paying them. Such assertions do not identify a legal reason for Appellant's claim of reversible error. All eight of Appellant's points are virtually unintelligible to a degree that this court would have to rewrite them prior to reviewing them. "If we cannot competently rule on the merits of an appellant's arguments without first reconstructing the facts and supplementing his legal arguments, then nothing is preserved for review." *Corrigan v. Corrigan,* 248 S.W.3d 637 (Mo.App.E.D.2008). "An appellate court is not to become an advocate for a party to an appeal." *In re Marriage of Spears,* 995 S.W.2d 500, 503 (Mo.App. S.D. 1999). The argument portion of Appellant's brief is similarly flawed and also void of any statement of this court's standard of review, as required by Rule 84.04(e).

■ "*Pro se* parties are bound by the same rules of procedure as parties represented by lawyers, and are not entitled to indulgences they would not have received if represented by counsel. While this court recognizes the problems faced by *pro se* litigants, we cannot relax our standards for non-lawyers. It is not for lack of sympathy but rather it is necessitated by the requirement of judicial impartiality, judicial economy and fairness to all parties." *Kittle v. Kittle,* 31 S.W.3d 127, 129 (Mo. App. S.D.2000)(internal citations omitted).

Dismissed.

LAWRENCE E. MOONEY, P.J., and KURT S. ODENWALD, J., concur.