Lisa Van Amburg, Judge
Thomas Myers appeals from the trial court's order and judgment of revival in favor of Unifund CCR Partners, as assignee of Citibank of South Dakota N.A. (Visa/Mastercard), in this debt collection matter. We dismiss the appeal for substantial violations of Rule 84.04.
Background
In October 2005, Unifund obtained a default judgment against Myers in the amount of $13,396.66. The debt remained outstanding for nearly ten years. In August 2015, Unifund filed a motion to revive the judgment under Rule 74.09. In February 2017, Myers received service and an accompanying order to show cause why the judgment should not be revived. Both parties appeared for a hearing, though evidently no transcript was taken. The trial court granted Unifund's motion to revive the judgment, finding that Myers failed to show good cause why the judgment should not be revived. Myers appeals pro se and attempts to assert one or two points of error, the gist of which seem to involve due process and timeliness. However, due to significant deficiencies in Myers's appellate brief, we must dismiss his appeal.
*742 Discussion
"Pro se appellants are held to the same standards as attorneys and must comply with rules of appellate procedure." Houston v. Weisman , 197 S.W.3d 204, 205 (Mo. App. E.D. 2006). "Failure to comply constitutes grounds for dismissal." Id.
Rule 84.04(b) requires a jurisdictional statement containing sufficient factual data to demonstrate the applicability of the particular provision of article V, section 3 of the Missouri Constitution on which jurisdiction is predicated. Myers's jurisdictional statement contains argumentative assertions and no reference to the constitutional basis for this court's jurisdiction.
Rule 84.04(c) requires a fair and concise statement of the facts relevant to the issues on appeal, with corresponding citations to the legal file. Myers's statement of facts recounts past circumstances involving his family and neighbors, also impugning Unifund's principals in various respects. These facts are not relevant to the motion or judgment of revival. To the extent Myers raises them in an effort to attack the factual basis for the underlying debt, we cannot consider his claims at this juncture in the case. The procedural avenues for such a challenge are found in Rules 74.05(d) (motion to set aside a default judgment for good cause) and 74.06(b) (motion for relief from judgment for misconduct of an adverse party).
Rule 84.04(d) requires that a point relied on identify the challenged ruling or action of the trial court, state concisely the legal basis for the alleged error, and explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error. "The function of this rule is to give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." Wilkerson v. Prelutsky , 943 S.W.2d 643, 647 (Mo. 1997). Myers's brief presents two points relied on; neither point satisfies the foregoing criteria or follows the format prescribed by Rule 84.04(d)(1). Myers's first point is a narrative of the motion proceedings in which Myers asserts that he was denied an opportunity to be heard and given an unsigned draft of the order. His second point argues that Unifund's motion to revive was untimely and again impugns in narrative fashion the status of Unifund's representatives in various respects not relevant to the case. While Myers succeeds at vaguely identifying due process and timeliness as alleged claims, his points relied on are nonetheless so convoluted that this court cannot decipher them, much less exercise appellate review. "When confronted with a deficient point relied on, it is not proper for this court to speculate as to the point being raised and supporting legal justification because to do so would place the court in the role of an advocate for the appellant." Boyd v. Boyd , 134 S.W.3d 820, 823-24 (Mo. App. W.D. 2004). An insufficient point relied on that cannot be understood without resorting to the record or argument portion of the brief preserves nothing for appellate review. Roberson v. KMR Construction LLC , 208 S.W.3d 320, 322 (Mo. App. 2006).
Rule 84.04(e) requires that the argument section of the brief be limited to the issues presented in the points relied on, which should be re-stated at the beginning of each argument, followed by the standard of review for each point. Similarly, Rule 84.13(a) states that allegations of error not properly briefed shall not be considered in any civil appeal. Houston , 197 S.W.3d at 206. To properly brief the alleged error, an appellant must develop the contention raised in the point relied on in the argument section of the brief. Id. If a party does not support contentions with relevant authority or argument beyond *743 conclusory statements, the point is deemed abandoned. Id. The argument section should advise the appellate court how principles of law and the facts of the case interact. In re Marriage of Fritz , 243 S.W.3d 484, 487 (Mo. App. E.D. 2007). If an appellant fails to support his claim beyond mere conclusion, the point is considered abandoned. Id. Here, Myers's entire argument section, titled "Point Relied On I," consists of one paragraph containing irrelevant commentary similar to the points and lacking any legal authority or analysis.
As a matter of policy, this court prefers to rule on the merits whenever possible and will do so provided we can ascertain the gist of an appellant's arguments, notwithstanding minor shortcomings in briefing. Comp & Soft, Inc. v. AT&T Corp. , 252 S.W.3d 189, 193-94 (Mo. App. E.D. 2008). However, if the brief is so deficient that we cannot competently rule on the merits without first reconstructing the facts and supplementing the appellant's legal arguments, then nothing is preserved for review and we must dismiss the appeal. Elkins v. Elkins , 257 S.W.3d 617, 618 (Mo. App. E.D. 2008).
Conclusion
"Pro se parties are bound by the same rules of procedure as parties represented by lawyers and are not entitled to indulgences they would not have received if represented by counsel." Elkins , 257 S.W.3d at 618. "While this court recognizes the problems faced by pro se litigants, we cannot relax our standards for non-lawyers." It is not for lack of sympathy but, rather, a necessity of judicial impartiality, judicial economy, and fairness to all parties." Id.
Myers has failed to comply with Rules 84.04 and 84.13 so substantially that his appeal is unreviewable. The appeal is dismissed.
Colleen Dolan, P.J., and Mary K. Hoff, J., concur.