

# In the Missouri Court of Appeals
# Eastern District
## DIVISION THREE

| | | |
|---|---|---|
| JULIE LANDWEHR, | ) | No. ED108362 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of Franklin County |
| vs. | ) | |
| | ) | Honorable Timothy S. Miller |
| CHAD SCOTT HAGER and | ) | |
| STANGE LAW FIRM, P.C. | ) | |
| | ) | |
| Respondents. | ) | Filed: August 25, 2020 |

The plaintiff, Julie Landwehr, appeals *pro se* the judgment entered by the Circuit Court of Franklin County in favor of the defendants, Chad Hager and Stange Law Firm, P.C. (collectively "the law firm"). The trial court granted the law firm's motion to dismiss Landwehr's claim for a refund of attorney's fees paid, and granted the law firm's counterclaims for breach of contract and unjust enrichment for legal fees owed but not paid. We dismiss Landwehr's appeal for failure to comply with Supreme Court Rules 84.04 and 84.13(a).[1, 2]

Facts

Viewed in the light most favorable to the judgment, the record reveals that Landwehr hired the law firm to represent her in a family-law matter. The parties executed a fee agreement

---

[1] All Rule references are to Missouri Supreme Court Rules (2020).

[2] We deny as moot the law firm's motion to dismiss Landwehr's brief.

that, among other provisions, stated Landwehr would pay the law firm on an hourly basis for legal services. During its one year of representation, the law firm billed Landwehr some $15,000. Landwehr paid the law firm about $7,300 before refusing to pay anything further. With leave of court, the law firm withdrew from Landwehr's family-law case, and Landwehr hired other counsel to conclude the matter.

Landwehr unsuccessfully sought help through the Missouri Bar's voluntary Fee Dispute Resolution Program. She also filed a complaint with the Supreme Court's Office of the Chief Disciplinary Counsel.[3] Landwehr then filed suit in small-claims court seeking $5,000 from Hager. Landwehr's petition stated simply that she sought $5,000 because "I hired Mr. Hager to represent me in modification, Case No. 09AB-DR00259-05. After I had already paid $7000.00 he withdrew because I couldn't pay any more money. The Missouri Bar Fee Dispute Committee told me [to] file a small claims suit." Hager filed counterclaims against Landwehr for breach of contract and unjust enrichment seeking $7,808.59 in unpaid fees for work done. The court transferred the case to the associate circuit division, and allowed Stange Law Firm to intervene.

The court granted the law firm's motion to dismiss Landwehr's action for failure to state a claim, and the parties proceeded to trial on the law firm's counterclaims. Landwehr argued that she paid the law firm over $7,000, but believed the work done was worth only about $2,000. The trial court found:

> The contract supports the billing system. The review of the billing system and the [family-law] case, which I've taken judicial notice of, seem to support the work being done there. It would be, as I said, incorrect to say that only papers were prepared for a motion and then a court appearance or two.

---

[3] Landwehr's complaint with the Supreme Court's Office of the Chief Disciplinary Counsel remained pending at the time of trial.

The trial court rendered judgment in favor of the law firm in the amount of $7,808.59. Landwehr appeals.

Discussion

*Pro se* appellants are held to the same standards as attorneys, and must comply with Supreme Court Rules of Appellate Procedure. *Houston v. Weisman*, 197 S.W.3d 204, 205 (Mo. App. E.D. 2006). "We are mindful of the problems that a *pro se* litigant faces; however, judicial impartiality, judicial economy, and fairness to all parties necessitate that we do not grant a *pro se* appellant preferential treatment with regard to complying with the rules of appellate procedure." *Carlisle v. Rainbow Connection, Inc.,* 300 S.W.3d 583, 584-85 (Mo. App. E.D. 2009). "Failure to conform with the mandates of Rule 84.04 results in unpreserved allegations of error and can constitute grounds for the dismissal of an appeal." *Id*. at 585. Landwehr's brief fails to comply with Rules 84.04 and 84.13 so substantially that we cannot review her appeal.

Landwehr's brief contains numerous violations of Rule 84.04, which are mandatory. First, her statement of facts does not contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). Instead, Landwehr's statement of facts is argumentative and conclusory. The statement of facts includes no citations to the relevant portion of the record on appeal in violation of Rule 84.04(c).

Second, Landwehr's point relied on does not comply with Rule 84.04(d). The point states "[t]he trial court improperly applied the law because it failed to hold the defendant to the Supreme Court Rule 4-1.5 regarding rules of professional conduct."[4] A point on appeal shall: (1) identify the challenged trial-court ruling or action; (2) state concisely the legal reasons for the appellant's claim of reversible error; and (3) explain in summary fashion why, in the context of

---

[4] The point as restated at the beginning of the argument section of the brief differs somewhat from that stated in the points relied on section.

the case, those legal reasons support the claim of reversible error. Rule 84.04(d)(1). Here, Landwehr's point does not identify which trial-court action she challenges, whether it is the dismissal of her claim, the money judgment rendered for the law firm on its counterclaim, or both.

In addition, the point does not state any legal reason for reversal—beyond failing to hold the law firm to Rule 4-1.5—nor does it explain why this reason constitutes error in the context of this case. The purpose of Rule 84.04(d)(1) is to give notice to the opposing party of the precise matters the party must address, and to inform the appellate court of the issues presented for review. *Hamilton v. Archer*, 545 S.W.3d 377, 380 (Mo. App. E.D. 2018). When a point relied on fails to comply with Rule 84.04(d), it preserves nothing for review. *Id*. When confronted with a deficient point relied on, it is not proper for us to speculate about the point being raised and supporting legal justification because to do so would place this Court in the role of an advocate for the appellant. *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018). An insufficient point relied on that cannot be understood without turning to the record or argument portion of the brief preserves nothing for appellate review. *Id*.

Third, Landwehr's argument does not meet the requirements of Rule 84.04(e) or of Rule 84.13(a). The argument section of Landwehr's brief fails to include a concise statement describing whether the claimed error was preserved for appellate review, how it was preserved, and the applicable standard of review. Rule 84.04(e). In addition, the argument consists only of the quotation of Rule 4-1.5, a conclusory assertion that the customary fee for a similar case in Franklin County is $3,000 to $5,000, and a summary of Landwehr's retention of new counsel and her efforts to obtain assistance from the Missouri Bar and the Office of Chief Disciplinary Counsel.

4

Rule 84.13(a) provides in relevant part that allegations of error not briefed or not properly briefed shall not be considered in any civil appeal. *Unifund*, 563 S.W.3d at 742. To be properly briefed, an appellant must develop the contention raised in the point relied on in the argument section of the brief. *Id*. In this case, Landwehr fails to articulate and develop any argument or supporting rationale and fails to cite any authority beyond quoting Rule 4-1.5. Failure to cite relevant authority supporting the point on appeal, or to explain the failure to do so, preserves nothing for review. *Hamilton*, 545 S.W.3d at 380. The argument section should inform the appellate court how principles of law and the facts of the case interact. *Unifund*, 563 S.W.3d at 743. When a party fails to support contentions with relevant authority or argument beyond conclusory statements, we deem the point abandoned. *Id*. at 742-43.

As a matter of policy, we prefer to adjudicate non-compliant *pro se* briefs on the merits, and will do so *ex gratia* when we can ascertain the essence of an appellant's arguments, notwithstanding minor shortcomings in briefing. *Id*. at 743. However, when the brief is so deficient that we cannot competently rule on the merits without first reconstructing the facts and supplementing the appellant's legal arguments, then we must dismiss the appeal because the appellant has preserved nothing for review. *Id*. We simply cannot assume the role of advocate for a party.

Finally, aside from the briefing deficiencies we have described, we must reject Landwehr's claim. Landwehr asks us to find the trial court erred because it failed to hold the law firm to Rule 4-1.5 regarding fees. Our Supreme Court has the inherent authority to regulate the practice of law and administer attorney discipline. *In re Forck*, 418 S.W.3d 437, 441 (Mo. banc 2014). Rule 4-1.5 is among the Rules of Professional Conduct that the Supreme Court employs in exercising this authority.

An attorney's failure to comply with the obligations or prohibitions imposed by the Rules of Professional Conduct serves as a basis for invoking the disciplinary process administered by the Supreme Court. Rule 4, Scope ¶19. The courts can look to the disciplinary rules for guidance when considering the reasonableness of attorney's fees. *Klinkerfuss v. Cronin*, 289 S.W.3d 607, 615 (Mo. App. E.D. 2009). However,

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. In addition, violation of a Rule does not necessarily warrant any other nondisciplinary remedy . . . . The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies. They are not designed to be a basis for civil liability. . . . The fact that a Rule is a just basis for a lawyer's self-assessment, or for sanctioning a lawyer under the administration of a disciplinary authority, does not imply that an antagonist in a collateral proceeding or transaction has standing to seek enforcement of the Rule.

Rule 4, Scope ¶20. *See also McRentals, Inc. v. Barber*, 62 S.W.3d 684, 705 (Mo. App. W.D. 2001)(recognizing that disciplinary rules do not create private cause of action for client, but can offer guidance to courts). In short, the trial court was not required to apply Rule 4-1.5.

<u>Conclusion</u>

*Pro se* appellants must follow the same rules of procedure as parties represented by attorneys, and they are not entitled to exceptions they would not receive if represented by counsel. *Unifund*, 563 S.W.3d at 743. While we recognize the problems faced by *pro se* litigants, we cannot relax our standards for non-lawyers. *Id*. Application of the briefing rules stems not from a lack of sympathy, but instead from a necessity of judicial impartiality, judicial economy, and fairness to all parties. *Id*. Because Landwehr's brief substantially fails to comply with Rules 84.04 and 84.13, it preserves nothing for review. Accordingly, we must dismiss the appeal.

_____
Angela T. Quigless, P.J.


Kurt S. Odenwald, J. and
James M. Dowd, J., concur