In the Missouri Court of Appeals
 Eastern District
 DIVISION THREE

THERESA MARIE BARBERO, ) No. ED109472
 )
 Appellant, ) Appeal from the Circuit Court
 ) of Pike County
 ) 20PI-AC00111
vs. )
 ) Honorable Milan C. Berry
WILHOIT PROPERTIES, INC. )
 )
 Respondent. ) Filed: November 16, 2021

 The plaintiff, Theresa Marie Barbero, appeals pro se the judgment entered by the Circuit

Court of Pike County, Associate Judge Division, in favor of the defendant, Wilhoit Properties,

Inc. Following a bench trial, the court entered judgment in favor of Wilhoit Properties on all of

Barbero’s claims. Barbero’s appeal fails to comply with Supreme Court Rules 81.12(a),

81.12(b), 84.04(c), 84.04(d), 84.04(e), 84.04(h), and 84.13(a) to the extent that we cannot review

it.1, 2 Therefore, we dismiss the appeal.

 Facts

 Viewed in the light most favorable to the judgment, the record reveals that Barbero sued

Wilhoit Properties, the management company for an apartment she rented in Bowling Green,

Missouri. Barbero asserted claims for: (1) negligence; (2) witness tampering; (3) failure to refund

security deposit; (4) violation of the Fair Credit Reporting Act; (5) harassment; (6) retaliation;

1
 All Rule references are to Missouri Supreme Court Rules (2021).
2
 Wilhoit Properties’ motion to dismiss is denied as moot.
and (7) discrimination. This case was tried before the associate circuit judge. Following a bench

trial, the court entered judgment in favor of Wilhoit Properties on all seven counts. Barbero filed

a motion for new trial. In her motion, Barbero alleged that she appeared at trial pro se, and so did

not know how to offer her exhibits into evidence, resulting in a judgment based only on Wilhoit

Properties’ evidence. Barbero never sought to have her motion heard, the court did not rule on it,

and the motion for new trial was thus deemed denied 90 days after filing.3 Barbero appeals.

 Discussion

 “Pro se appellants are held to the same standards as attorneys, and must comply with

Supreme Court Rules of Appellate Procedure.” Landwehr v. Hager, 612 S.W.3d 220, 223 (Mo.

App. E.D. 2020). “Failure to conform with the mandates of Rule 84.04 results in unpreserved

allegations of error and can constitute grounds for the dismissal of an appeal.” Id. While we

prefer to resolve cases on the merits whenever possible, here Barbero has failed to comply with

Rules 81.12, 84.04, and 84.13 so substantially that we cannot review her appeal.

 Barbero’s brief and the record she compiled contain numerous violations of Supreme

Court Rules. First, Rule 81.12(a) states “[t]he record on appeal shall contain all of the record,

proceedings and evidence necessary to the determination of all questions to be presented, by

either appellant or respondent, to the appellate court for decision. It is divided into two

components: the legal file and the transcript.” Barbero’s legal file is incomplete because she did

not include a copy of her petition. Rule 81.12(b)(1)(C) states that the legal file shall always

include the pleadings on which the action was tried, which in this case is Barbero’s petition. In

addition, the record Barbero has presented lacks critical information. It is unclear, whether

Barbero’s case was tried under the provisions of chapter 517, Procedure Before Certain

3
 Rule 78.06.

 2
Associate Judges, because she sought $25,000 or less in damages, or whether her case was tried

under the provisions of chapter 535, Landlord-Tenant Actions.4 The basis for trying the case

before an associate circuit judge is important because it determines the next procedural step for

an aggrieved party—a trial de novo under section 512.180.1 or a direct appeal to this Court under

section 512.180.2.

 Second, Barbero’s statement of facts is not “a fair and concise statement of the facts

relevant to the questions presented for determination without argument.” Rule 84.04(c). Instead,

Barbero gives an argumentative recitation of the procedural history of the case, stating numerous

times that the court did not consider her evidence, she filed a motion for new trial, and she has a

right to a trial de novo.5 In further violation of Rule 84.04(c), the statement of facts does not

include required citations to the record on appeal, i.e. legal file, transcript, or exhibits. From

Barbero’s statement of facts, we cannot ascertain the fundamental facts of the case beyond the

argumentative statement that the case involves “landlord abuses against a tenant.”

 Next, Barbero’s points relied on do not comply with Rule 84.04(d). Point I states:

 Abuse of Discretion when Appellant was Denied Trial de Novo
 Appellant has been prejudiced when the trial court erred in its decision to deny Appellant
 (“Barbero”) a trial de novo. The court of appeals will review for prejudice, not mere error
 and will reverse only if the appellant demonstrates that the error was so prejudicial as to
 deprive him or her of a fair trial and there was a reasonable probability the trial court’s
 ruling affected the outcome of the trial. Id.; see State v. Anderson, 76 S.W.3d 275, 277
 (Mo. bane 2002); (that case was ruled based on the evidence being logical and legal)[.]

Point II states:

 Appellant was Denied a Trial de Novo MO Rev Statute 512.180.2

4
 All statutory references are to RSMo. (Supp. 2019).
5
 Barbero appears to confuse a motion for new trial under Rule 78 with a statutory right to a trial de novo under
section 512.180.1. A trial de novo is available when a person has been aggrieved by a judgment in a civil case tried
without a jury before an associate circuit judge in all cases tried before municipal court or under the provisions of
chapter 482 or 535. Barbero’s case does not fit these criteria. Her case was neither tried before a municipal court nor
under the provisions of chapter 482, which applies to actions in small claims court. In addition, as stated earlier, it is
unclear from the record whether Barbero’s case was tried under the provisions of chapter 535, which applies to
landlord-tenant actions.

 3
 Within a timely manner being two days after the judge’s final ruling, Appellant asked the
 trial court for a new trial. The Judge failed to rule on her motion . . . . the right to an
 automatic new trial of the entire case. Based on the case, Hloben v. Henry, 660 S.W.2d
 431 , 433 (Mo. App. E.D. 1983) (it was reversed and remanded under section 512 .180
 .1)[.]

Rule 84.04(d)(1) provides a point on appeal shall: (A) identify the challenged trial-court ruling or

action; (B) state concisely the legal reasons for the appellant’s claim of reversible error; and (C)

explain in summary fashion why, in the context of the case, those legal reasons support the claim

of reversible error.

 Here, Barbero appears to challenge the denial of a new trial. But neither point states any

legal reason why this Court should reverse, nor does either point explain why this reason

amounts to error in the context of this case. The purpose of Rule 84.04(d)(1) is to give notice to

the opposing party of the precise matters the party must address, and to inform the appellate

court of the issues presented for review. Hamilton v. Archer, 545 S.W.3d 377, 380 (Mo. App.

E.D. 2018). A point relied on that fails to comply with Rule 84.04(d) preserves nothing for

review. Landwehr, 612 S.W.3d at 224.

 When confronted with a deficient point relied on, it would be improper for us to speculate

about the point raised and supporting legal justification. Id. Such speculation would place this

Court in the role of an advocate for the appellant. Id. An insufficient point relied on that cannot

be understood without turning to the record or argument portion of the brief preserves nothing

for review on appeal. Unifund CCR Partners v. Myers, 563 S.W.3d 740, 742 (Mo. App. E.D.

2018).

 Most significant, Barbero’s argument does not meet the requirements of Rules 84.04(e)

or 84.13(a). “The argument shall substantially follow the order of ‘Points Relied On.’ The point

relied on shall be restated at the beginning of the section of the argument discussing that point.”

 4
Rule 84.04(e). Here, Barbero’s argument does not meet either requirement. She presents one

argument consisting of five sentences and covering both points on appeal. Barbero’s argument

consists only of conclusory statements that the trial court abused its discretion and erred and

misapplied the law in denying her right to a trial de novo. In addition, Barbero’s brief fails to

provide a concise statement describing whether the claimed error was preserved for appellate

review, how it was preserved, and the applicable standard of review.6 Rule 84.04(e).

 Further, Rule 84.13(a) provides in relevant part that allegations of error not briefed or not

properly briefed shall not be considered in any civil appeal. To be properly briefed, an appellant

must develop in the argument section of the brief the claim of error raised in the point relied on.

Landwehr, 612 S.W.3d at 224. In this case, Barbero fails to articulate and develop an argument,

and fails to cite any relevant authority. Failure to cite relevant authority that supports the point on

appeal, or to explain the lack of citations to authority, preserves nothing for review. Hamilton,

545 S.W.3d at 380. The argument section should inform the appellate court how principles of

law and the facts of the case interact. Unifund, 563 S.W.3d at 743. When a party fails to support

allegations with relevant legal authority or argument beyond conclusory statements, we deem the

point abandoned. Id. at 742-43.

 As a matter of policy, we prefer to adjudicate non-compliant briefs on the merits, and we

will do so when we can determine the essence of an appellant’s arguments, despite minor

shortcomings in briefing. Landwehr, 612 S.W.3d at 225. However, when the appellant’s brief is

so lacking we cannot competently rule on the merits without first reconstructing the facts and

supplementing the appellant’s legal arguments, then we must dismiss the appeal because the

6
 A separate section titled “Standard of Review” follows Barbero’s argment. However, Barbero cites both abuse of
discretion and the Murphy v. Carron standards of review without identifying which standard applies to which point
on appeal. She further quotes from section 512.180.2, which grants the right to appeal to this Court generally, but is
not relevant to the standard of review.

 5
appellant has preserved nothing for review. Id. “We simply cannot assume the role of advocate

for a party.” Id.

 Finally, Barbero has not filed the required appendix with her brief. Rule 84.04(h)

provides in relevant part that a party’s brief shall be accompanied by a separate appendix

containing the judgment appealed and the complete text of all statutes claimed to control a point

on appeal.

 Conclusion

 “Pro se appellants must follow the same rules of procedure as parties represented by

attorneys, and they are not entitled to exceptions they would not receive if represented by

counsel.” Id. We recognize the problems faced by pro se litigants, but we cannot relax our

standards for non-lawyers. Id. Our application of the rules stems not from a lack of sympathy,

but instead from a necessity for judicial impartiality, judicial economy, and fairness to all parties.

Id. Barbero has failed to comply with Rules 81.12, 84.04, and 84.13(a) in such a significant

manner that we cannot review her appeal. Accordingly, we must dismiss the appeal.

 ________________________________
 Angela T. Quigless, Judge

Philip M. Hess, P.J., and Colleen Dolan, J., concur.

 6