In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

SOFIA MURPHREE, INDIVIDUALLY )
AND AS NEXT FRIEND OF BREANNA ) No. ED109644
MURPHREE-DASCH, A MINOR, )
 ) Appeal from the Circuit Court
 Appellants, ) of St. Louis County
 ) Cause No. 20SL-CC03197
v. )
 ) Honorable Kristine Allen Kerr
LAKESHORE ESTATES, LLC, )
 )
 Respondent. ) Filed: December 14, 2021

 OPINION

 Sofia Murphree, individually and as next friend of Breanna Murphree-Dasch,

(“Appellants”) appeals from the circuit court’s judgment granting Respondent Lakeshore Estates,

LLC’s motion to set aside a default judgment. Each of Appellants’ four points on appeal falls

significantly short of the minimum standards set by Rule 84.04. 1 These deficiencies prevent this

Court from engaging in meaningful review of the appeal. As a result, the appeal is dismissed.

 Appellants’ Briefing Deficiencies

 Rule 84.04 sets forth the minimum requirements for appellate briefing. Compliance with

those requirements is mandatory. Bennett v. Taylor, 615 S.W.3d 96, 98 (Mo. App. E.D. 2020). An

1
 All Rule references are to Supreme Court Rules (2021), unless otherwise indicated.
appellant must adhere to the rules of appellate procedure in order for this Court to review the

appeal. See Burgan v. Newman, 618 S.W.3d 712, 714 (Mo. App. E.D. 2021) (internal citation

omitted). “Failure to comply with the rules of appellate procedure is a proper ground for dismissing

an appeal.” Brown v. Ameristar Casino Kansas City, Inc., 211 S.W.3d 145, 146 (Mo. App. W.D.

2007).

 It is with great hesitation that we dismiss an appellant’s brief for failure to comply with

Rule 84.04. “Our preference is to decide an appeal on the merits where disposition is not hampered

by rule violations and the argument is readily understandable.” Bennett, 615 S.W.3d at 98. While

this Court has the discretion to review a noncompliant brief, we will do so only when “we can

ascertain the gist of an appellant’s arguments, notwithstanding minor shortcomings in briefing.”

Unifund CCR Partners v. Myers, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018) (emphasis added).

However, when the deficiencies affect our ability to understand and adequately address the claims

of error, the brief preserves nothing for review. Hamilton v. Archer, 545 S.W.3d 377, 381 (Mo.

App. E.D. 2018).

 Rule 84.04 is not merely a rule of technicalities. State v. Myers, 619 S.W.3d 578, 585 (Mo.

App. E.D. 2021). Instead, it serves several necessary functions. Importantly, compliance with Rule

84.04 ensures that the opposing party is adequately informed of the precise matters in contention

and informs this Court of the issues for review. Id. This permits this Court to conduct a meaningful

review of the issues before it and ensures that opposing positions will have adequate

representation, which is essential to our adversary system.

 Perhaps more importantly, an appellant’s compliance with Rule 84.04 is necessary to

ensure that this Court retains its role as a neutral arbiter. Deficient briefing runs the risk of forcing

this Court to assume the role of advocate by requiring us to sift through the legal record, reconstruct

 2
the statement of facts, and craft a legal argument on the appellant’s behalf. Burgan, 618 S.W.3d at

714-15. This requires this Court to speculate as to the facts and arguments that may have been

asserted. Id. at 714. If this Court cannot reach the merits without “supplementing the appellant’s

legal arguments,” then nothing has been preserved for review. Carmen v. Olsen, 611 S.W.3d 368,

371 (Mo. App. E.D. 2020).

 Here, numerous deficiencies in Appellants’ brief make it impossible for this Court to

meaningfully review the case. First, Appellants’ Points Relied On do not comply with the Rules.

Rule 84.04(d)(1) requires an appellant to “(A) [i]dentify the trial court ruling or action that the

appellant challenges; (B) [s]tate concisely the legal reasons for the appellant’s claim of reversible

error; and (C) [e]xplain in summary fashion why, in the context of the case, those legal reasons

support the claim of reversible error.” Rule 84.04(d)(1) also requires that “[t]he point shall be in

substantially the following form: ‘The trial court erred in [identify the challenged ruling or action],

because [state the legal reasons for the claim of reversible error], in that [explain why the legal

reasons, in the context of the case, support the claim of reversible error].’”

 “Given that a template is specifically provided for in Rule 84.04(d)(1), appellants simply

have no excuse for failing to submit adequate points relied on.” Bennett, 615 S.W.3d at 99 (quoting

Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). A point on appeal that fails to

substantially comply with Rule 84.04(d) is grounds for dismissal of the appeal. See Burgan, 618

S.W.3d at 714 (internal citation omitted).

 None of Appellants’ four points on appeal comply with Rule 84.04. Though each Point

Relied On generally identifies the action of the circuit court that Appellants challenge—the circuit

court’s ruling on a second motion to set aside default judgment—each point either fails to specify

a proper legal basis for reversal or fails to briefly explain why the legal basis in the context of the

 3
case supports reversal. Only Appellants’ Point IV actually follows the form set forth in Rule

84.04(d), but it still fails to present an adequate legal basis for reversal. Appellants’ Point IV states:

 [The circuit court] erred in setting aside the default judgment of November 16, 2020
 because her ruling of April 26, 2021 resulted in a ruling inconsistent with the ruling
 of [the presiding judge], dated January 27, 2021, in that [the circuit court] failed to
 consistently apply her findings to the standards of good cause shown. 2

At best, Point IV suggests that two rulings of the circuit court were inconsistent without suggesting

why the alleged inconsistency warrants reversal. It is also unclear whether the issue to be addressed

is the alleged inconsistency with another ruling or the alleged failure of the circuit court to apply

its findings to the “standards of good cause shown.”

 Rule 84.04(d)(5) requires that “[i]mmediately following each ‘Point Relied On,’ the

appellant . . . shall include a list of cases, not to exceed four, and the constitutional, statutory, and

regulatory provisions or other authority upon which that party principally relies.” Appellants also

failed to comply with this requirement, leaving this Court to speculate as to the pertinent authority.

 Appellants’ argument section provides the Court little assistance in interpreting the Points

Relied On. The argument in support of each point on appeal lacks meaningful citation to authority.

Appellants’ brief fails to “satisfy the ‘fundamental requirement of an appellate argument, which is

to demonstrate the erroneousness of the basis upon which the lower court issued an adverse ruling.”

Burgan, 618 S.W.3d at 715 (quoting Estate of Hanks, 589 S.W.3d 604, 606 (Mo. App. E.D. 2019)).

Though Appellants do make several fleeting citations to authority, Appellants entirely fail “to

develop an argument by demonstrating how the principles of law and the facts of the present case

interact to support [their] assertion that the trial court committed reversible error.” Id. As an

example, the argument on Appellants’ first point spans one page and includes a single citation to

2
 Appellants’ Point Relied On names two different judges of the circuit court. Inclusion of these names is
unnecessary for purposes of this Opinion.

 4
a case that states the general proposition that a judgment on a motion to set aside a default judgment

is eligible for immediate appeal. Saturn of Tiffany Springs v. McDarris, 331 S.W.3d 704 (Mo.

App. W.D. 2011). Appellants leave it to this Court to construct an argument on their behalf as to

why this proposition should justify reversal in this case.

 Appellants’ argument also fails to include the applicable standard of review or demonstrate

that the alleged error was preserved for review. Both of these items are required by Rule 84.04(e),

and both are essential to this Court’s review of the case. “It is not our duty to supplement the

deficient brief with our own research, thus noncompliance with Rule 84.04(e) justifies dismissal.”

Burgan, 618 S.W.3d at 716 (citing City of Bellefontaine Neighbors v. Carroll, 597 S.W.3d 335,

340 (Mo. App. E.D. 2020).

 Due to the significant deficiencies in Appellants’ briefing, we must dismiss this appeal. We

are reluctant to do so, given this Court’s stated preference for reaching the merits of a dispute if

the briefing so allows. However, it is impossible for us to review the claimed error without

completing Appellants’ arguments for them, thereby forgoing our role as a neutral arbiter and

assuming the mantle of advocate.

 Conclusion

 For the foregoing reasons, the appeal is dismissed.

 John P. Torbitzky, J.

Kurt S. Odenwald, P.J., and
Kelly C. Broniec, J., concur.

 5