

# Missouri Court of Appeals

## Southern District

### Division One

RON CALZONE and ANNE CALZONE, )
          )
    Appellants, )
          )   No. SD37343
vs. )
          )
MARIES COUNTY COMMISSION, ET AL., )   **Filed: July 25, 2022**
          )
    Respondents. )

### APPEAL FROM THE CIRCUIT COURT OF MARIES COUNTY

Honorable John D. Beger, Judge

### **AFFIRMED IN PART, REVERSED IN PART AND REMANDED WITH DIRECTIONS**

Appellants Ron and Anne Calzone (the "Calzones") appeal the trial court's judgment finding in favor of Respondents, the Maries County Commission and its members, Vic Stratman, Ed Fagre, and Doug Drewel, (collectively, the "Commission") on the Calzones' claims alleging the Commission violated Missouri's Sunshine Law, sections 610.010 through 610.035,[1] by: (1) not allowing members of the public to attend or observe public meetings between April 7, 2020 and April 20, 2020 (Count 2, the "No Reasonable Access Count"); and (2) failing to post notice of or a tentative agenda for any meetings held between April 7, 2020 and April 20, 2020 (Count 3, the

---

[1] All statutory citations are to RSMo (2016) unless otherwise noted.

"No Reasonable Notice Count").[2]  In point 1, the Calzones argue the trial court erred in finding in favor of the Commission on Count 2, the No Reasonable Access Count, "because the judgment misapplied section 610.020.2, RSMo., in that this statute requires public governmental bodies to hold public meetings at places that are reasonably accessible to the public."  In point 2, the Calzones argue the trial court erred in finding in favor of the Commission on Count 3, the No Reasonable Notice Count, because the trial court "misapplied section 610.020.1, RSMo., in that prior to the [Calzones] filing their lawsuit the Commission did not publicly post a notice identifying the mode by which the meeting would be conducted nor did it notify the public how to access the Commission's public meetings."  Finding merit in point 2, we reverse the trial court's judgment in favor of the Commission on Count 3, the No Reasonable Notice Count, and remand for further determination of whether the public interest in the enforcement of the policy of Missouri's Sunshine Law outweighs the public interest in sustaining the validity of the actions taken in the closed meetings pursuant to section 610.027.5.  In all other respects, the trial court's judgment is affirmed.

**Facts and Procedural Background**

In response to the COVID-19 pandemic, the Commission entered an order (the "Commission's Emergency Order") on April 6, 2020, declaring a state of emergency and ordering all individuals residing in the county to abide by a stay-at-home order issued by Governor Parson on April 3, 2020.[3]  Following the entry of the Commission's Emergency Order, the Commission met in person on April 9, April 13, April 16, and April 20, 2020 at the Maries County courthouse but prohibited members of the public from attending those sessions in person.  In lieu of in-

---

[2] The Maries County Commission is a "[p]ublic governmental body" as defined in section 610.010(4).  The individual members of the Commission were sued in their official capacities.  Neither the Commission nor its members filed a respondent's brief in this case.  While respondents are not required to file a brief, the failure to do so means we must adjudicate the claims of error raised by an appellant without the benefit of whatever argument a respondent might have presented. ***Sheffield v. Matlock***, 587 S.W.3d 723, 732 n.8 (Mo. App. S.D. 2019).

[3] On April 3, 2020, Governor Parson issued a statewide "Stay Home Missouri" Order effective April 6, 2020, explicitly stating that individuals currently residing in the state of Missouri "shall" avoid leaving their homes or places of residence unless necessary.

person attendance, the Commission created a phone line for the public to access the meetings but failed to post any notice in a place visible to the public of the meeting dates, times, place, the tentative agenda, nor did they post the phone number that gave access to the meetings.

On April 20, 2020, the Calzones sued the Commission in a five-count petition, alleging various violations of Missouri's Sunshine Law, including Count 2, the No Reasonable Access Count and Count 3, the No Reasonable Notice Count.[4]  The Calzones filed a motion for summary judgment on all counts of their amended petition.  The Commission admitted that before the Calzones filed their suit, it did not post a notice or a tentative agenda for its meetings in an area reasonably accessible to the general public.  In its Order on Motion for Summary Judgment, the trial court found, relevant to this appeal, the following facts.

Before the Commission's meeting on April 6, the Commission decided to close the courthouse to the public.  The notice posted on the exterior doors to the courthouse stated the courthouse was closed to the public and listed phone numbers for the various offices as well as the Presiding Commissioner's cell phone number.  Nothing on the notice mentioned Commission meetings, the availability of a phone line to listen to the meetings or a phone number to call in order to participate in meetings.  There was no notice to the general public of a call-in phone number to access the Commission meetings before the Calzones' lawsuit was filed.  From March 25, 2020 through April 20, 2020, the Commission did not post notice of its public meetings in an area reasonably accessible to the general public.

The trial court granted the Calzones' motion for summary judgment on Counts 1 and 5, holding that the Commission violated the Sunshine Law by excluding the Calzones from the April 6, 2020 meeting without providing any alternative means for attending the meeting, and by failing to publish the Commission's Emergency Order.  The Calzones dismissed Count 4, and the

---

[4] The Calzones were granted leave to strike "knowingly and purposefully" from Counts 1, 2, and 3 of their petition.  The trial court's judgment noted "[t]his essentially removed any claim for monetary civil penalties from their suit and restrict[ed] the [trial court] to granting declaratory judgment, injunctive relief and voiding [the Commission's] actions taken in violation of the Sunshine Law.  See Section 610.027.3 & .4.RSMo."

trial court denied the Calzones' motion for summary judgment on Count 2, the No Reasonable Access Count, and Count 3, the No Reasonable Notice Count, on the grounds that the summary judgment record did not demonstrate "that any such meeting[s] occurred."[5]  Following the Order on Motion for Summary Judgment, the parties submitted a joint stipulation of facts and the trial court heard arguments.  The parties stipulated to the following:

1. The Maries County Commission met in official meetings in the weeks between April 6, 2020 and the filing of the instant lawsuit.

2. The Maries County Commission convened on April 6, 2020, April 9, 2020, April 13, 2020, April 16, 2020, April 20, 2020, April 23, 2020, April 27, 2020, and April 30, 2020.[6]

3. The pages of JS Exhibit 1 (attached) are the minutes from the Commission meetings between April 6 and April 30, 2020, inclusive.

4. Between at least April 9, 2020 and April 30, 2020, inclusive, the Commission did not allow in-person attendance of citizens at its meetings, but did make available phone lines and phone numbers for them to listen in remotely.

No other evidence was presented.[7]  The trial court then entered a judgment, incorporating by reference its findings of fact and conclusions of law contained in its Order on Motion for Summary Judgment and the stipulation of facts submitted by the parties.  The judgment found in favor of the Commission on Count 2, the No Reasonable Access Count, and Count 3, the No Reasonable Notice Count, of the Calzones' amended petition.  The Calzones appeal from that judgment in two points.

**Discussion**
*Point 1 (No Reasonable Access)*

In point 1, the Calzones argue:

The trial court erred in granting judgment to the Commission regarding Count II because the judgment misapplied section 610.020.2, RSMo., in that this statute requires public governmental bodies to hold public meetings at places that are reasonably accessible to the public.

[5] The Statement of Uncontroverted Material Facts did not allege that the Commission met between April 7, 2020, and the filing of the lawsuit on April 20, 2020, which are the meetings at issue in Counts 2 and 3.
[6] The points raised on appeal do not challenge the trial court's determinations regarding other Commission meetings that occurred on April 6, April 23, April 27, or April 30, 2020.
[7] No transcript of this hearing has been filed in this appeal.  The docket entry regarding the hearing stated "[a]ll parties appear.  Joint stipulation submitted.  Argument had and taken under advisement."

4

Rule 84.04(d) requires an appellant to: "(A) [i]dentify the trial court ruling or action that the appellant challenges; (B) [s]tate concisely the legal reasons for the appellant's claim of reversible error; and (C) *[e]xplain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error*."[8] Rule 84.04(d)(1) (emphasis added). Rule 84.04's briefing requirements are mandatory, and the failure to substantially comply with Rule 84.04 preserves nothing for review. ***Simanis v. Simanis***, 597 S.W.3d 735, 740 (Mo. App. S.D. 2020). "This [R]ule [84.04(d)] is not a judicial word game or a matter of hypertechnicality, rather it serves to notify the opposing party of the precise matters under contention and inform our Court of the issues presented for review." ***Carmen v. Olsen***, 611 S.W.3d 368, 371 (Mo. App. E.D. 2020). Appellants have no excuse for failing to submit adequate points relied on given that a template is specifically provided for in Rule 84.04(d)(1).[9] ***Steiner v. Rolfes***, 602 S.W.3d 313, 315 (Mo. App. S.D. 2020).

While the Calzones' point 1 identifies the challenged trial court action and states the legal reasons for the claim of error, there is no explanation of how, in the context of *this* case, the meetings held by the Commission were "not at places reasonably accessible to the public." We may exercise discretion to review a non-compliant appeal where the argument *in the point relied on* is readily ascertainable. ***Michaud Mitigation, Inc. v. Beckett***, 635 S.W.3d 867, 870 (Mo. App. E.D. 2021).

Here, we cannot readily ascertain the argument raised by Calzones' point relied on without resorting to the argument portion of their brief. In the argument portion of their brief, the Calzones state that section 610.020.2 requires the Commission to hold its public meetings in

---

[8] All rule references are to Missouri Court Rules (2022).

[9] Rule 84.04(d) provides:

> [t]he point shall be in substantially the following form: "The trial court erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error*], in that [*explain why the legal reasons, in the context of the case, support the claim of reversible error*]."

a place the public can attend in person, such as the lawn of the courthouse, unless for good cause such a place or time is impossible or impractical. From the Calzones' point alone, it is impossible to discern that their argument is actually what the Commission did or failed to do to violate the statute. "An insufficient point relied on that cannot be understood without resorting to the record *or argument portion of the brief* preserves nothing for appellate review." **Id.** (quoting **Unifund CCR Partners v. Myers**, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018) (emphasis added). "[E]ach time we review a noncompliant brief ex gratia, we send an implicit message that substandard briefing is acceptable. It is not." **Id.** (quoting **Scott v. King**, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). We will not countenance the Calzones' briefing deficiencies by reviewing their claim. Point 1 preserves nothing for review and is dismissed.

*Point 2 (No Reasonable Notice)*

In point 2, the Calzones argue the trial court erred in ruling in favor of the Commission on Count 3, the No Reasonable Notice Count, of the Calzones' amended petition because the trial court "misapplied section 610.020.1, RSMo., in that prior to the [Calzones] filing their lawsuit the Commission did not publicly post a notice identifying the mode by which the meeting would be conducted nor did it notify the public how to access the Commission's public meetings."

We will affirm a judgment in a court-tried case if there is substantial evidence to support it, it is not against the weight of the evidence, and it does not erroneously declare or apply the law. **Roland v. St. Louis City Bd. of Election Comm'rs**, 590 S.W.3d 315, 318 (Mo. banc 2019). An issue of statutory interpretation is a question of law, which we review *de novo*.[10] **Laut v. City of Arnold**, 491 S.W.3d 191, 196 (Mo. banc 2016); **Wilson v. City of Kan. City**, 598 S.W.3d 888, 894 (Mo. banc 2020).

---

[10] When the case is submitted on stipulated facts entered into between the parties in the proceedings before the circuit court, "[t]he only question before us is whether the trial court made the proper legal conclusion from the stipulated facts." **Cady v. Ashcroft**, 606 S.W.3d 659, 665 (Mo. App. W.D. 2020) *(*quoting **Missouri Elec. Coops. v. Kander**, 497 S.W.3d 905, 910 (Mo. App. W.D. 2016)). Whether the trial court drew the proper legal conclusions from the stipulated facts is a question of law, which we review *de novo*. **Doe v. St. Louis Cmty. Coll.**, 526 S.W.3d 329, 335 (Mo. App. E.D. 2017).

In interpreting statutes, we give words their plain and ordinary meaning whenever possible. ***Spradlin v. City of Fulton***, 982 S.W.2d 255, 258 (Mo. banc 1998). We look elsewhere for interpretation only when the meaning is ambiguous or would lead to an illogical result defeating the legislature's intent. ***Id.*** "The primary goal of statutory interpretation is to give effect to legislative intent, which is most clearly evidenced by the plain text of the statute." ***State ex rel. Goldsworthy v. Kanatzar***, 543 S.W.3d 582, 585 (Mo. banc 2018). "It is the public policy of this state that meetings, records, votes, actions, and deliberations of public governmental bodies be open to the public unless otherwise provided by law."[11] § 610.011. "Except as otherwise provided by law, all public meetings of public governmental bodies shall be open to the public as set forth in section 610.020[.]" ***Id.***

Section 610.020 provides:

1. All public governmental bodies *shall* give notice of the time, date, and place of each meeting, and its tentative agenda, in a manner reasonably calculated to advise the public of the matters to be considered, and if the meeting will be conducted by telephone or other electronic means, the notice of the meeting shall identify the mode by which the meeting will be conducted and the designated location where the public may observe and attend the meeting. If a public body plans to meet by internet chat, internet message board, or other computer link, it shall post a notice of the meeting on its website in addition to its principal office and shall notify the public how to access that meeting. Reasonable notice shall include making available copies of the notice to any representative of the news media who requests notice of meetings of a particular public governmental body concurrent with the notice being made available to the members of the particular governmental body and posting the notice on a bulletin board or other prominent place which is easily accessible to the public and clearly designated for that purpose at the principal office of the body holding the meeting, or if no such office exists, at the building in which the meeting is to be held.

***Id.*** (emphasis added.)

Here, the trial court determined that the Commission did not provide notice of the public meetings occurring between April 7, 2020 and April 20, 2020, in a place visible to the public. While the Commission posted a sign on the doors of the courthouse stating the courthouse was

---

[11] Section 610.011 also provides, "[s]ections 610.010 to 610.200 shall be liberally construed and their exceptions strictly construed[.]"

closed and that included the phone number of one of its members, this sign did not identify the time, date, place, tentative agenda, or a mode by which the public could observe and attend the meetings. Absent such information, members of the public had no notice of the meetings, depriving them of an opportunity to observe and participate in local government. "[T]he free exchange of ideas between citizens and government is a hallmark of democracy." ***State ex rel. Diehl v. Kintz***, 162 S.W.3d 152, 157 (Mo. App. E.D. 2005). Moreover, "[t]he overarching purpose of the Sunshine Law is one of open government and transparency." ***Laut***, 417 S.W.3d at 318. Such transparency is vital to the public's faith in the governing bodies that serve the public. This purpose cannot be achieved when a public governmental body conducts public business in the dark. While a global pandemic may justify the suspension of in-person meetings, it does not justify dispensing with the notice requirements of section 610.020.1. Nor are we free to fashion such an exception to Missouri's Sunshine Law. ***Roland***, 590 S.W.3d at 321. By failing to give notice of the time, date, place, tentative agenda, telephone number to access the meetings, and the mode by which the meetings were to be held, the Commission violated section 610.020.1. The trial court erred in finding in favor of the Commission on Count 3, the No Reasonable Notice Count, for violating section 610.020.1 and the trial court's finding in favor of the Commission on this issue is reversed.

Having determined the trial court's decision on this issued is reversed, the trial court must now make a subsequent finding pursuant to section 610.027.5. That section provides in relevant part:

> Upon a finding by a preponderance of the evidence that a public governmental body has violated any provision of sections 610.010 to 610.026, *a court shall void any action taken in violation of sections 610.010 to 610.026, if the court finds under the facts of the particular case that the public interest in the enforcement of the policy of sections 610.010 to 610.026 outweighs the public interest in sustaining the validity of the action taken in the closed meeting, record or vote.*

***Id.*** (emphasis added). We reverse the trial court's judgment in favor of the Commission on Count 3, the No Reasonable Notice Count. We remand for further determination by the trial

8

court on the issue of whether the public interest in the enforcement of the policy of Missouri's Sunshine Law outweighs the public interest in sustaining the validity of the actions taken in the closed meetings pursuant to section 610.027.5 and to enter a judgment consistent with that determination.

## Conclusion

Because point 1 is not preserved for our review, that point is dismissed. We reverse on the trial court's finding in favor of the Commission on Count 3, the No Reasonable Notice Count, with directions for the trial court to enter a judgment declaring the Commission violated section 610.020.1. We remand for further determination by the trial court on the issue of whether the public interest in the enforcement of the policy of Missouri's Sunshine Law outweighs the public interest in sustaining the validity of the action taken in the closed meetings pursuant to section 610.027.5 and to enter a judgment consistent with that determination. The trial court's judgment is affirmed in all other respects.


MARY W. SHEFFIELD, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

JACK A.L. GOODMAN, J. – CONCURS